EASTERN DIST.
February, 1840.

SHEETS & GROVER
*vs.*
CULVER ET AL.

───────────

SHEETS & GROVER *vs.* CULVER ET AL.
PHILLIPS, GARNISHEE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT,
JUDGE BUCHANAN PRESIDING.

Negotiable notes cannot be attached in the hands of the *maker,* after they are put in circulation. It can only be done, by either seizing the notes, or attaching them in the hands of a *holder,* as the property of the debtor.

This suit commenced by attachment. The plaintiffs allege, that the defendants, W. D. Culver and C. C. Rhodes, are indebted to them in the sum of seven hundred and sixty-eight dollars, on their note given to Howard & Emmerson, for work done on the steam-boat Clinton, at Madison, Indiana, the laws of which state give a lien or privilege on the boat; that said due-bill, or note, has been transferred to them, by endorsement, together with the lien,

EASTERN DIST.
February, 1840.
───────────
SHEETS & GROVER
*vs.*
CULVER ET AL. or privilege attaching thereto ; that said boat has since been sold to J. M. Phillips, who resides in this state, and who is indebted to the defendants for the amount of the purchase money.

They further show, that the defendants reside out of the state, and pray for an attachment against Phillips, and that the money due by him to the defendants, be seized to satisfy their demand.    They propound interrogatories to Philips, requiring him to answer touching amount in his hands, due to the defendants, and citing him as garnishee.

Phillips answered, in substance, that he had paid part in cash, and given his negotiable notes for the balance of the price of said boat, and that he did not know in whose hands they were.

There was judgment against the defendants.    The plaintiffs took a rule on the garnishee, to show cause why he should not pay the amount of their judgment.    The garnishee resisted the rule.    The district judge was of opinion there was not any property of the defendants shown to have been attached in the hands of the garnishee, and gave judgment in his favor, from which the plaintiffs appealed.

*Clarke* and *Eggleston,* for the plaintiffs and appellants, insisted that the garnishee was liable to them, unless he showed a transfer, as he admits the notes were outstanding and unpaid at the time the attachment was served.    9 *Martin's Reports,* 405.

2.  But, admitting the notes had been transferred before the attachment was levied, yet an attaching creditor would prevail over the transferee, who had not given notice of the transfer to the debtor, before service of the attachment. *Louisiana Code,* 2613 ; 4 *Martin, N. S.,* 56 ; 8 *Idem.,* 213 ; 5 *Idem.,* 21 ; 4 *Idem.,* 562; 6 *Idem.,* 332 ; 2 *Louisiana Reports,* 424–5 ; 8 *Idem.,* 153, 160, 270.

3.  Phillips, the garnishee, admits his indebtedness to Rhodes, one of the defendants, and he has offered no evidence to show the payment or transfer of any of these obligations.

*Maybin,* for the appellee.

*Morphy, J.,* delivered the opinion of the court.

This suit commenced by attachment. The plaintiffs, having obtained a judgment against William D. Culver, one of the defendants, took a rule against the garnishee, John M. Phillips, to show cause why he should not pay the amount of said judgment, out of said defendant's property, attached in his hands. The garnishee, in answer to this rule, averred, that nothing belonging to William D. Culver had ever been attached in his hands, and denied being indebted, in any way, to said defendant.

To judge of the liability of this garnishee, it will be necessary to notice such parts of his answers to plaintiffs' interrogatories as may be material to the view we have taken of this case. These answers were filed on the 9th of July, 1838. He "declares, that on the 2d of April preceding, he purchased, jointly with one C. C. Rhodes, the steam-boat Clinton, from Louisa D. Culver, assisted by her husband, the defendant in this suit, and one James Knowles, for the sum of ten thousand five hundred dollars ; that he and his co-purchaser paid three thousand dollars in cash, and for the balance, gave their notes, part of them drawn by himself, and endorsed in blank by Rhodes, and part drawn by Rhodes, and endorsed by himself in blank, payable at six, twelve and eighteen months, at the Atchafalaya Bank, in this city ; that he held himself justly indebted to the holder or holders of his notes, but that he was unable to say who were the holders."

The opinion we have formed as to the absence of any liability on the part of the garnishee under these answers, renders it unnecessary for us to notice a question raised in relation to the rights of a husband over the personal property of his wife, under the common law, which is admitted to prevail in Kentucky, the domicil of these parties.

Our Code of Practice, (article 246, *et seq.,*) points out the manner of attaching rights and credits belonging to a debtor, in the hands of a third person. It provides, that such third

EASTERN DIST. person may be cited to declare, on oath, what property
*February*, 1840. belonging to defendant he has in his possession, or in what
sum he is indebted to such defendant. It is evident, that
negotiable notes, from their very nature, can be attached but
in two ways, to wit : by actual seizure of the notes them-
selves, or by attachment in the hands of a person holding
them, as the property of the debtor. In this case, negotiable
paper, supposed to belong to defendant, is attempted to be
attached by interrogatories propounded to the maker, and
upon the latter answering that he does not know by whom
his notes are held, he is sought to be made liable as if he had
actually declared himself indebted to defendant. Untenable
as such a position would seem to be, an effort has been made
to support it by argument. It is said that the attachment
was laid in garnishee's hands before he had notice of the
transfer of his notes, and a series of decisions of this court
have been cited by the counsel for the appellants, to show
that the transferee of a debt is only possessed as it regards
third persons, after notice has been given to the debtor, of the
transfer having been made ; than this, there is, perhaps, no
principle of our laws better settled ; but it obviously applies
only to credits not in a negotiable form.

SHEETS & GROVER
*vs.*
CULVER ET AL.

*Negotiable notes cannot be attached in the hands of the maker, after they are put in circulation. It can only be done by either seizing the notes, or attaching them in the hands of a holder, as the property of the debtor.*

As to notes endorsed in blank, which circulate and pass,
from hand to hand by mere delivery, it has never been, nor
can it be pretended, that any notice of transfer is necessary.
*Louisiana Code*, 3128.

If, then, no such notice is ever given, how is a garnishee,
who has issued his promissory note, endorsed in blank, to
know in whose hands it happens to be at the precise moment
when he is called upon to answer interrogatories ? and if,
perchance, he were to know that his note was still the
property of the defendant, and were so to declare it, could
such a proceeding restrain its negotiability ? Could it affect
the rights of a *bona fide* holder ? Surely not. The owner-
ship of negotiable paper is incessantly varying, before its
maturity, and the obligation of the maker of such instruments
is not to pay to any particular person, but to the holder, at
maturity, whoever he may be. Thus, it is obvious, that the

garnishee, in this case, could give no other answer than that he has made, and it is equally obvious, that by pursuing this course, the plaintiffs have attached no property out of which their judgment can be satisfied.

EASTERN DIST.
*February*, 1840.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.