(*) JAMES WILLIAMS, JR. *in scire facias, versus* ANDROSCOG-GIN & KENNEBEC RAIL ROAD COMPANY.

A party summoned as trustee, while it is contingent whether he will be indebted to the principal defendant, will be discharged.

The changing of such a contingency into an absolute indebtment, *after the service* upon the trustee, though *before the judgment*, will have no effect to render the trustee chargeable.

A Rail Road Company had contracted to pay, on a specified day of each month, seventy-five per cent. of the work done by their employee in the preceding month, upon a stipulation that the balance should be retained as a forfeiture, if the employee should fail to fulfil his part of the contract; — *Held* that, while the employee's part of the contract remains unfulfilled, the contingent twenty-five per cent. is not attachable by trustee process.

Where, by such contract, the value of the whole month's work is to be estimated and certified after the end of the month, before any payment for it is to be made, *no indebtment* for *any part* of it arises before the month has ex-

pired; and, therefore, *no part* of such value can be secured by summoning the company as trustees before the month has expired.

Upon money in the hands of one adjudged trustee to the principal defendants, interest is taxable against him from the time of demand made upon him.

ON FACTS AGREED.

The plaintiff brought an action against Porter & Benson as principal defendants, and against the Androscoggin and Kennebec Railroad Company as their trustees.

About the same time, several other suits, brought by different plaintiffs, were pending against Porter & Benson and against the Railroad Company as their trustees.

In each and all of these suits the Company made the same disclosure, as follows : —

And now the said trustees come into Court and under oath submit themselves to examination, and say that, prior to the service of the plaintiff's writ on them, the principal defendants had entered into a contract with them for the grading and masonry of the 14th, 15th and 16th sections of their road, a copy of which contract is made part of this disclosure. At the time of the service of the writ upon the trustees, there was due to the principal defendants the sums following, to wit; for work performed in Nov. last, 75 per cent. of which was due from 1st to 10th December,                    $200,00

For do., do., in December last, 75 per cent of which

was due from 1st to 10th January,                    1602,42
                                                    ———————
                                                    $1802,42

The engineer's certificate of work done in December, 1848, was made out, January 1st, 1849.

At the time of the disclosure, Porter & Benson had not completed their work under their contract, and the trustees wish to present the question to the Court, whether they can be holden for the twenty-five per cent, reservable under the contract, until the whole work is completed, as in the event of its not being completed, all that should be due to the defendants would be forfeited to the company.

Prior to the service of the plaintiff's writ on them, they

had been summoned as trustees of the same defendants in action James B. Neal against them, which writ was served on them December 2, 1848.

The contract referred to in the disclosure, so far as it may influence this case, was of the following import: —

It specified the quantity and quality of the work to be done for the railroad company upon the three sections of the road, and then provided that payment should be made by the company for the same as follows: —

"The payments within the limits of this contract shall be made as follows: — between the first and tenth day of each month, after the commencement of the work, the said engineer shall estimate the quantity of work done, and give a certificate of the same; and upon the presentation of said certificate to the treasurer of said company, three fourths of the amount then due for work specified in said certificate, shall be paid to the said party of the first part, as aforesaid. Provided, however, that no estimate shall be made, or certificate given, within one month after the commencement of the work; and provided, also, that no certificate for a less sum than five hundred dollars shall be given, except at the discretion of the engineer; (and when the whole of the work hereby contracted for, shall have been accepted agreeably to contract, the balance due shall be paid to the said party of the first part, their heirs, executors, administrators, or assigns,) and the engineer shall be the sole judge of the quality and quantity of all the said work herein specified, and from his decision there shall be no appeal.

"And it is hereby further agreed, that if the said party of the first part shall not, on their part, well and truly perform all the covenants herein contained, said engineer may dismiss them from the work, and in that event, this contract shall become null and void; and any balance for work done on said road, *which would have been due the said party of the first part, shall be forfeited* and become the right and property of the company.

On that disclosure, in one of the several suits above refer-

red to, the District Court adjudged the Rail Road Company to be chargeable as trustees. To that adjudication they excepted, and by agreement all the other suits were continued in the District Court to abide the decision on those exceptions. The adjudication of the District Court was affirmed, after which judgments were rendered in all the suits against Porter and Benson as principal defendants and against the Rail Road Company as their trustees.

The following schedule describes a portion of the suits; there being many others, not necessary to be presented : —

| Parties. | Date of Writ. | Date of service on Trustees. | Term of Court at which actn's were entered. | Court in which judgment was rendered. | Amount of Judgment. | | Time of rendition | Date of Execution. |
|---|---|---|---|---|---|---|---|---|
| Ja's B. Neal v. Porter & al. & Tr. | 1848. Dec. 2, | 1848. Dec. 2. | D. C. April Term 1849. | S. J. C. Oct. T., 1850. | $148 36.61 | ———184,61 | " | Dec. 6, 18:0. |
| Ja's Williams, jr v. same. | " 29 | Dec. 30 12 M. | " | Dist. Court. Dec. T., 1850. | $48,95 81,79 | ———130,74 | " | Jan. 3, 1851 |
| Dan'l Craig v. same. | 1849. Jan. 1. | 1849. Jan'y 1. 7, P. M. | " | S. J. C. May T. 1851. | $374.20 137,45 | ———511,65 | " | June 6, 1851. |

Upon all those judgments executions were issued, and upon them demands were duly made upon the trustees to pay over the funds in their hands. This action is a *scire facias* against the trustees.

For the purposes of this investigation, it is admitted, that since the making of the disclosures, Porter & Benson have completed their contract.

The whole amount of funds in the hands of the trustees, at the time of the service of the writs on them, (if they are to be charged at all,) is less than the judgments recovered in this and other suits against said Porter & Benson and said company as trustees.

Upon these facts the Court is to render such judgment in this suit, as the law requires.

And the parties, upon the facts agreed, wish to present to the Court the question : — " In what order are the plaintiffs

in the actions mentioned in the schedule to participate in the funds disclosed ; and whether any of the actions served on the trustees prior to Jan. 1st, 1849, can. (under the contract with Porter & Benson with the company) hold any of the sums due for work performed by them in the month of Dec. 1848 ?"

*Bean,* for the plaintiff.

The disclosure shows that seventy-five per cent. of the labor performed in the month of November, 1848, due and unpaid at the time the defendants were originally summoned as trustees, amounted to $200. — Add to this the 25 per cent. not included, and we have $266,66, as the full amount due for labor done in November. Applying the same rule, we have $2136,61, as the whole sum due for labor performed in the month of December, so that the whole sum disclosed for November and December is $2403,27.

The amount of the several judgments specified in schedule is $2415,74. So that the amount of all the judgments recovered against the defendants as trustees, only exceeds the amount of funds disclosed by them in the trifling sum of $12,47. Interest has been taxed upon the several sums recovered as damages, from the date of the writs in each case, and it should also be taxed on the sums disclosed by the defendants. They have had the use of the money, which by the terms of their contract, should have been paid in the months of December, 1848, and January, 1849. They still resist payment and should, at least, be charged with interest on the funds admitted to be in their hands, from the time they were demanded on the several executions issued on the judgments specified in the schedule.

Should it be said, that the 25 per cent., which by the terms of the contract was not payable until the completion of the work, could not be held by attachment, because it was liable to be forfeited by non-performance on the part of Porter & Benson, it may be answered, that the case finds that there was no forfeiture, but that the work was completed in pursu-

·ance of the contract ; and its completion by Porter & Benson, may quite as properly enure to the benefit of their attaching creditors, as that their neglect to complete, should defeat such attachment, or decrease the sum to be holden under the same.

The liability of the defendants as trustees, under their contract with Porter & Benson, is no longer an open question.

It has been judicially settled, that the defendants are liable to the plaintiff as trustees, under the contract. The main question now to be settled is, for what sum are they liable, and how is that sum to be divided and appropriated, as between the different attaching creditors ?

It is submitted, that the rights of creditors here are to be determined as in other cases of attachment, by their vigilance. They are to hold by priority of attachment, and the funds in the defendents' hands are to be distributed among them upon that principle.

It may be contended, that the estimate of the quantity of work done must have been made by the engineer of the company, before any attachment could hold the proceeds of labor performed. . That is to say, that the amount due for labor, done in November, could not be attached until such estimate had been made and a certificate thereof given, providing it was done between the 1st and 10th of December following, according to the contract. If this view were adopted, it could not affect the attachment of the plaintiff in this suit, because the case does not show that any estimate or certificate for work done in the month of November, 1848, was ever made or given. Nor does it show that the whole amount of labor *done* in the month of November was disclosed ; nor that *that* was the first month's labor performed. Evidently the sum disclosed was not the whole labor of that month, nor was *that* the first month's under the contract.

The attachment of Neal was first made, and upon the above hypothesis he would hold nothing under it. Being made Dec. 2, 1848, it was too early to hold the funds due for labor done in November, and the attachment in this case having been

made Dec. 30, 1848, would be satisfied out of the earnings of November.

Again, the estimate was not only to be made and a certificate given, but that certificate was to be presented to the treasurer of the company before payment was to be made; and if it were necessary that either of those several acts should have been done, before a valid foreign attachment would lie, it was as essential that there should have been a demand of payment, as that the estimate and certificate should have been made and given; no such demand was ever made, and if material, none of the thirteen attachments enumerated in schedule can hold. And further, if this were a correct position the defendants could not have been charged as trustees *at all*, under their contract.

But I submit that a just and fair construction of that contract, does not lead to any such conclusions. The liability of the company to pay for three-fourths of the labor done while the work was progressing, did not depend upon any condition or contingency, but was absolute.

The neglect or refusal of the engineer to make an estimate or certificate could not defeat the right of Porter & Benson to recover. What they had done, was due them at the price agreed upon, as the labor was performed; and was payable between the first and tenth of each month.

The only effect of the survey was to render the sum fixed and certain, that sum the attaching creditors are to take in the order of their attachments, and the admission of the defendants in the language of their disclosure is, that at the time of service in the original action, the sum of $1802,42 *was due and unpaid*.

The case would seem to come completely within the letter of the Revised Statutes, c. 119, § 67, by which any money or other thing *due* the principal defendant, although *payable*, at a future time is made attachable by trustee process, although the trustee shall not be compelled to make payment or delivery until the time appointed by the contract. The work under the contract in this case was completed on or

before July 4, 1849, and the money became payable long before the commencement of this suit.

*H. W. Paine*, for the defendants.

By the disclosure $200 was earned in Nov. and $1602,42, in December.

The defendants can be charged for three quarters only of these sums.

1st. Because it was contingent whether the other quarter would ever become due.

2d. Because by the terms of the contract this quarter was to be reserved, to secure the performance of the contract on the part of Porter & Benson.

Neal, who attached December 2, and whose judgment was for $184,61, is entitled to the three quarters of the amount earned in November.

The plaintiff, Williams, has no claim to this fund till the prior attachment is satisfied, and it takes all.

The plaintiff takes no part of the sum earned in December.

1st. Because when he attached, it was contingent whether Porter & Benson would ever be entitled to any pay for that month.

Williams's suit was served on the trustees December 30. At that time Porter & Benson could have maintained no action.

2d. Defendants were by the contract to have the work estimated once a month. If Williams can hold defendants it would be incumbent on them to have the work estimated as often as trustee process was served on them. *Dwinal* v. *Howe*, 30 Maine, 384; *Robinson* v. *Hill*, 3 Metc. 301. Williams, therefore, can have no part of this fund.

*Bean*, in reply. — If there be an uncertainty as to the amount of the trustees' liability the construction will be more strongly against them. I submit that the labor was done by the month, and that the Rail Road Company might have been sued for it at the end of every half month.

RICE, J. — The defendants were summoned as trustees of

Porter & Benson, in an action which was entered at the April term of the late District Court, Kennebec county, 1849, and disclosed, and upon that disclosure were charged.

In that action judgment was obtained against the principal defendants and it is admitted that all the proceedings, required by the statute, were had, to fix the liability of the trustees.

The indebtedness of the trustees to the principal defendants in the original action was incurred under a contract for executing the grading and masonry on three sections of the Androscoggin and Kennebec Railroad.

That contract contains a provision that "between the first and tenth day of each month, after the commencement of the work, the engineer (employed by the company) shall estimate the quantity of work done, and shall give a certificate of the same; and upon the presentation of said certificate to the treasurer of said company, three fourths of the amount then due for work specified in said certificate, shall be paid to the party of the first part, as aforesaid; provided, however, that no estimate shall be made, or certificate given within one month after the commencement of the work; and provided, also, that no certificate for a less sum than five hundred dollars shall be given, except at the discretion of the engineer, and when the whole work hereby contracted for shall have been accepted agreeably to contract, the balance shall be paid to the said party of the first part."

It was manifestly the intention of the parties, that monthly estimates should be made of the work performed and payment made for three-fourths the amount thereof, on presentation of the engineer's certificate. The amount thus found, was due absolutely, and depended upon no contingency. There was nothing due and payable until the expiration of each month, and whether the one-fourth, which was reserved, should ever become payable, depended upon the contingency of the contract being fully performed, for it was stipulated, that if the parties of the first part should not well and truly perform all their covenants, "any balance for work done on said road,

which would have been due to said party of the first part, shall be forfeited and become the right and property of the company."

The rights of the parties depend upon the condition of things as they existed at the time of the service of the original writ on the trustees, and could not be modified, or changed by subsequent transactions. The fact that the contract was finally completed cannot therefore change the result.

According to the disclosure of the trustees the amount due for work performed in November was two hundred dollars. One hundred and fifty dollars, being three-fourths of that sum was due absolutely, for which the defendants are chargeable.

Neal being the first attaching creditor after this became due and payable, is entitled to hold that amount, his judgment exceeding one hundred and fifty dollars.

In December, the whole amount of work performed, was $1602,42, of which three fourths, or $1201,81$\frac{1}{2}$ was due absolutely after the expiration of that month, and for which defendants are also chargeable.

This latter fund must be appropriated to satisfy the judgments of the several parties according to priority of attachment, whose attachments on their original writs were made after the work for December became due and payable. Parties whose attachments were made in December will not be entitled to hold any portion of this fund, such attachments having been made prematurely.

The defendants are liable to pay interest on the amount in their hands for which they are charged, from and after the day on which demand of payment was made upon them.

When the defendants were summoned as trustees by the plaintiff in the original action they had no goods, effects or credits of the principal defendants in their hands or possession, which could be reached by process of foreign attachment.

According to agreement a nonsuit must be entered.

SHEPLEY, C. J., and HATHAWAY, J., concurred.