GREGORY v. HIGGINS, (DEFENDANT,) AND MANN, (INTERVENOR.)

The indebtedness of the maker upon a promissory note, before its maturity, is not the subject of attachment. His obligation is not to the payee named in the note, but to the holder, whoever he may be.

Nor can such indebtedness, after the maturity of the note, be attached, unless the note is at the time in the possession of the defendant, from whom its delivery can be enforced on its payment upon the attachment.

APPEAL from the District Court of the Thirteenth Judicial District, County of Mariposa.

The facts of the case sufficiently appear in the opinion of the Court.

D. W. Perley for Appellant.

P. L. Edwards for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

On the 23d of June, 1856, the plaintiff commenced an action upon contract against the defendant, to recover the sum of $952, and sued out a writ of attachment, which the sheriff on the same day served upon one Marshall, with a notice that "all moneys, goods, credits, effects, and debts due or owing, or any other personal property in his possession, or under his control, belonging" to the defendant, was attached by virtue of the writ.

The garnishee gave to the sheriff a memorandum, in the nature of an answer to the garnishment, (Practice Act, § 129,) acknowledging that he was indebted to the defendant in the sum of $1250, upon a promissory note payable on the first of January, 1857.

On the 5th of January, 1857, the respondent, Mann, also com-

menced an action upon contract against the same defendant to recover the sum of $800, and sued out a writ of attachment, which the sheriff on the same day served upon Marshall, with a notice of attachment similar to the one given in the first suit, and received from the garnishee a memorandum to the effect that he held in his hands upwards of $1000, belonging to the defendant, and for which the defendant held his note, due and payable on the 1st of January, 1857; and, further, that he retained the money, subject to the first attachment. The respondent, upon leave of the Court, then intervened in the suit, contesting by such intervention the claim of the plaintiff, by virtue of his attachment, to the moneys in the hands of the garnishee. The Court rendered judgment for the amount claimed against the defendant, and subsequently decided that the plaintiff acquired no right to the funds by virtue of his attachment, and ordered that they be subjected to the attachment of the intervenor. From this order the appeal is taken.

The only question presented for consideration, respects the effect of the notice of garnishment served in the suit of the plaintiff. The indebtedness of the garnishee was upon a promissory note, which did not mature for several months thereafter. From the very nature of a promissory note, it is evident that, before its maturity, the indebtedness of the maker thereon can not be the subject of attachment. His obligation is not to the payee named in the note, but to the holder, whoever he may be. From its negotiability, it may often pass into the possession of parties entire strangers to the maker, and even if held by the defendant at the time of garnishment, it does not follow that it would be in his hands at its maturity, and, if transferred before maturity to a *bona fide* holder, it could be enforced, even if paid upon the attachment. (McMillan v. Richards, 9 Cal., 418; Sheets v. Culver, 14 La., 452.)

It follows, that the notice served upon Marshall, previous to the maturity of his note, did not operate as a garnishment of the amount in his hands. Nor would the notice, served subsequent to the maturity, have any greater effect unless the note was, at the time, in the possession of the defendant, from whom its delivery could be enforced on its payment upon the attachment. It is not clear, from the record, that the note was not transferred by the defendant previous to its maturity. It is unnecessary, however, to decide upon the evidence in this particular. It is sufficient to dispose of the appeal, that the appellant has no right to this money by virtue of his notice of garnishment. Whether payment can be adjudged against the garnishee upon the attachment of the intervenor, is not a question before us.

Appeal dismissed.