WARREN CLOUGH, PLAINTIFF IN ERROR, v. CLAUS BUCK, DEFENDANT IN ERROR.

1. **Practice:** GARNISHMENT AFTER JUDGMENT. The process of garnishment under section 244 of the civil code is authorized only when there is a judgment rendered, upon which execution has been issued and returned unsatisfied for want of property whereof to levy and collect the debt.

2. ——: ——. If in such case after process of garnishment the judgment is set aside the garnishment becomes dissolved and the garnishee discharged.

3. **Attachment of Negotiable Note.** The general rule is that a negotiable note or bill is not, before maturity, subject to attachment; but an exception to the rule is, that if such note or bill is transferred before maturity, voluntarily or fraudulently, for the purpose of protecting the debt from the creditors of the payee, it may be attached or garnished while the same remains in the hands of such indorsee.

ERROR from the district court of Seward county. The facts are stated in the opinion.

*C. L. Lewis*, for plaintiff in error.

The note sued on is a negotiable instrument and as-signed before due to Thomas, who held the note when the defendant Buck was garnished. The note was due November 11th, and sold and transferred to Thomas, November 1st, and affidavit of garnishment sworn out November 9th, so that the law of negotiable paper, that it cannot be made liable to garnishment, is applicable in this case, as the note was transferred before due. The order of garnishment was issued before due, and the note never afterward came into the possession of the payee, John P. Luft. The maker cannot be charged as garnishee on a note unless it is in the possession of the defendant. *Commissioners v. Fox*, 1 Morr., Iowa, 48. *Gregory v. Higgins*, 10 Cal., 339. *Greer v. Powell*, 1 Bush., 489.

The second ground is that no one can plead fraud ex-cept he is the party defrauded. It is admitted by the an-swer that Buck, who is the maker of the note, was lia-ble upon it at the time of the transfer to Thomas, but they claim that the fraudulent transfer is a good defense for Buck. If Luft disposed of his property to defraud his creditors, can his debtors plead the fraudulent trans-fer when sued? If so, the fraudulent disposal of prop-erty will cancel all debts due him.

" A fraudulent grantee, has a legal title which he may enforce in an action at law, for the debtor and those claiming under him cannot set up the fraud to avoid the transfer. Bump on Fraudulent Conveyances, 450. *Anderson v. Dunn*, 19 Ark., 650. *Murphy v. Hubert*, 16 Penn. State, 50. *Gifford v. Ford*, 5 Vt., 532. *Jack-son v. Garnsey*, 16 Johns., 189.

The answer of the defendant is not good. 1. Because on the twenty-fifth day of January, 1876, there was due on the note $108.75, principal and interest, as shown by the pleadings. If the plea was good as a defense to any extent it could not be pleaded for a greater sum than was

paid, for that would make payment of part a payment of all.

Supposing the $100 payment to be good; when the judgment was reversed the balance due on the note over and above the $100 belonged to this plaintiff. If the defendant had ever paid the balance of the note, he should have alleged it in his answer, as neither he, the county judge, nor Rinehart, Ballard & Co., had a right to pay or receive a less amount than the whole of the principal and interest due. 2. Because in this action the payment of the $100 upon the order of garnishment was a *voluntary* payment, and cannot be pleaded in bar even for that amount. " The order of the court was not a *judgment* and could not be enforced by process, and any payment made is voluntary," under such an order. *Board of Education v. Scoville*, 13 Kan., 17. *Rice v. Whitney*, 12 Ohio State, 358. Drake on Attachments, section 691.

*J. E. Philpott* (with whom was *McKillip & Page*), for defendant in error.

Section five hundred and forty-one of the civil code authorizes the county judge to order the amount due the judgment debtor to be applied toward the satisfaction of the judgment. Under this order the money may be paid voluntarily by the garnishee, or it may be collected from him by an ordinary action. *Edgarton v. Hanna*, 11 Ohio St., 323. *Board of Education v. Scoville*, 13 Kan., 17. What reason can be given why the party garnished should, in order to protect himself, wait until an action is brought against him, and be mulcted in costs? In *B. & C. R. R. v. May*, 25 Ohio St., 347, an answer setting up such an order was held good. See also 43 Ind., 180.

The question of the garnishment of negotiable paper

does not arise in this case. The note in suit, long after becoming due, and long after the service of the garnishee process, remained under the control of Luft, was treated by Thomas, in whose hands it was placed under the circumstances detailed in the answer, as the property of Luft, and in fact was his property. As to the effect of a fraudulent attempt by defendant to defeat the payment of his debts, and to prevent his effects from being reached by garnished process—See Drake on Attachment, §§ 598, 599, and cases cited. *Doggett v. St. Louis Ins. Co.*, 19 Mo., 201.

GANTT, J.

This action was commenced in the county court to recover the amount of a negotiable note, dated March 8, 1875, executed by defendant to one John P. Luft for the payment of one hundred dollars, with ten per cent. interest from date. The note was indorsed to J. C. Thomas, and by him was indorsed to Ellsworth & Lewis, and by them to the plaintiff. The first transfer was made before the note became due. In the county court judgment was rendered for the plaintiff, and the defendant appealed from that judgment to the district court. New pleadings were filed, and the defendant in his answer admitted the execution of the note by him to Luft, but set up as new matter of defense, that on the first day of January, 1875, Rinehart, Ballard & Co. recovered in the county court a judgment against the said John P. Luft for the sum of $184.21; that an execution was issued thereon and returned " no goods on which to levy "; that thereupon an affidavit was filed in the case, and " an order was made and served on the defendant requiring him to appear before said court; that he appeared and made answer to said order, and was ordered by said court to pay the amount of the note to be applied on the judg-

ment of Rinehart, Ballard & Co. against John P. Luft, and on the twenty-fifth day of January, 1875, he paid upon said order one hundred dollars." It is further averred that on the fifth day of January, 1876, John P. Luft filed in the district court his petition in error in the case of Rinehart, Ballard & Co. against him, and that said judgment was afterwards wholly reversed; that John P. Luft was wholly insolvent, and transferred the note to J. C. Thomas before due, without consideration and to defraud his creditors, and that Ellsworth & Lewis and the plaintiff, before receiving the note, severally had full knowledge that the same was garnished in the hands of defendant. To this answer the plaintiff interposed a general demurrer, which was overruled, and judgment was rendered in favor of defendant.

It is quite clear from the facts stated in the answer that the process of garnishment was commenced under section 244 of the civil code, Chap. III., entitled, "Attachment." This law provides for garnishment in aid of "execution issued upon any judgment of a court of record, or a justice of the peace," when such execution is by the officer, in whose hands it was placed, returned "unsatisfied for want of sufficient property whereof to levy and collect the same." This process of garnishment is authorized only when there is a judgment, upon, which an execution has been issued and return unsatisfied for want of property whereof to levy and collect the debt, and therefore the whole proceeding must be supported by a judgment *in esse*. And if after such process has been had the judgment is reversed, set aside, or vacated, the execution falls with it, and the garnishment becomes wholly dissolved, for there is nothing left to support either the one or the other. Hence, as it appears from the facts stated in the answer, that after the payment of the one hundred dollars into the county court by defendant the judgment of Rinehart,

Ballard & Co. against Luft was reversed and set aside upon error to the district court, and nothing further was done in that case, the process of garnishment was dissolved and the garnishee was discharged. Now what is the position of the parties in the case at bar? It seems to be a general rule that a negotiable note or bill is not, before maturity, subject to attachment. The reason of the rule is well stated in *Gregory v. Higgins*, 10 Cal., 340. It is said that " from the very nature of a promissory note, it is evident that before its maturity the indebtedness of the maker cannot be the subject of attachment. His obligation is not to the payee named in the note, but to the holder whoever he may be. From its negotiability it may often pass into the possession of parties entire strangers to the maker, and even if held by the defendant at the time of garnishment it does not follow that it would be in his hands at maturity, and if transferred before maturity to a *bona fide* holder it could be enforced, even if paid upon the attachment." *Greer v. Powell & Co.*, 1 Bush, 497; 14 La., 452. But an exception to the rule is, that if such note or bill is transferred before maturity to an indorsee voluntarily or fraudulently for the purpose of protecting the debt from the creditors of the payee, it may be attached or garnished while it is in the hands of such indorsee, because he is not a *bona fide* holder. *Glanton v. Griggs*, 5 Geo., 434.

Now in the application of the rule as above stated to the facts as admitted in this case, we think that the payment of the one hundred dollars by defendant to Rinehart, Ballard & Co., upon their garnishee process is a good defense *pro tanto* in this action, because it was paid while that proceeding was in full force and effect; but as the judgment in that case was afterwards vacated, and the garnishment dissolved, the unpaid balance of the note is payable to the plaintiff, the indorsee and holder of it.

And this unpaid balance we find at this time, with interest thereon, to be the sum of ten dollars and thirty-seven cents. Therefore the judgment of the court below is reversed, and for the balance found due on the note, judgment will now be rendered in this court with costs, in favor of plaintiff in error and against defendant in error.

JUDGMENT ACCORDINGLY.