ZIMMERMANN *et al. v.* JOURGENSEN.

(*Supreme Court, General Term, First Department.* May 15, 1891.)

BUILDING CONTRACTS—COMPLETION OF WORK BY OWNER.

A contract by plaintiffs to build a house for defendant provided that if, at any time during the progress of the work, plaintiffs failed to provide a sufficiency of materials and workmen, defendant should have the power to provide the same, after three days' notice to plaintiffs, and finish the work, the cost thereof to be deducted from the contract price. *Held,* that plaintiffs could recover the balance of the contract price, after deducting the cost of completion, only on proof of what it cost defendant to complete the house, and it was not admissible to show by expert testimony what would be a reasonable amount to complete the work.

Appeal from judgment on report of referee.

Action by Jacob A. Zimmermann and Joseph J. Zimmermann against Christian Jourgensen to recover a balance alleged to be due on a building contract. There was a judgment for plaintiffs, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Charles G. Coe,* for appellant. *J. George Flammer,* for respondents.

VAN BRUNT, P. J. This action was brought to recover an alleged balance due to the plaintiffs upon a contract for altering defendant's building 96 and 98 Maiden lane, under a written contract entered into between the parties. The referee found that on the 21st of March, 1890, the defendant entered into a contract with the plaintiffs whereby the plaintiffs agreed to make certain alterations in the defendant's building according to drawings and specifications made by one George A. Schellinger, an architect, and also to provide the materials for the completion of said work; for which the defendant promised and agreed to pay the plaintiffs the sum of $14,199, as follows: $4,199 when the third tier of beams was placed in position; $4,000 when the roof was on; and the balance, $6,199, after the entire work was completed. There was no time fixed in the contract for the completion of the work thereunder. It was provided in said contract that if, at any time during the progress of the work, the plaintiffs failed to provide a sufficiency of materials and workmen, the defendant should have power to provide the materials and workmen, after three days' notice given to the plaintiffs to finish the work, and that the expenses should be deducted from the amount of the contract. Immediately after the execution of the agreement the plaintiffs commenced said alterations and additions in conformity with the provisions of the contract, and continued said work until the 20th of August, 1890, when the defendant refused to permit the plaintiffs to complete the contract, and prohibited them from entering the said buildings. Prior to the 15th of August, 1890, the plaintiffs refused and neglected to supply a sufficiency of workmen and materials, on which day the defendant, having just and reasonable cause, served on the plaintiffs a notice in writing, according to the fourth section of the contract, and thereupon proceeded to finish the work left undone under the contract. Prior to the 20th of August the defendant had made the first and second payments speci-

fied in the contract, but made no further payments thereunder. The amount necessary to complete the work on the contract remaining unfinished on the 20th of August, being the fair, reasonable value and cost of said work, was $3,594, which sum, on being deducted from the sum of $6,199, the final payment provided for in said contract, and remaining unpaid, left a balance of $2,605 due and owing from the defendant to the plaintiff on said work, and for this amount, with a small balance for extra work, the referee gave judgment. The referee has utterly failed to inform us upon what theory or basis he arrives at the sum mentioned by him, and we have been unable to ascertain how any such result was reached. The respondents' counsel also confesses his inability to determine this question, because he claims that a much larger sum should have been awarded to his clients. But there is one error that pervades the whole case, and it distinctly appears that the whole trial was conducted upon an erroneous theory. It seems to have been considered that the plaintiffs, upon proving by opinions of experts what was a reasonable amount to finish the work left undone, were entitled to recover the balance. This is not the contract. Although no date was fixed in the contract for its completion, the plaintiffs were bound to proceed with reasonable diligence, and, if they unreasonably delayed the performance of the contract, the defendant had the right to stop them in the completion of the work, and take the matter into his own hands; and, were it not for the provisions in the contract in reference to the happening of that contingency, the plaintiffs could not have recovered anything upon the contract, if there was any substantial part of it left unfulfilled. To relieve the plaintiffs from such a contingency, the fourth clause of the contract was inserted, which authorized the defendant, in case of the plaintiffs' neglect to complete the contract within a reasonable time, to complete the same, and deduct the cost of completion from the amount of the contract. It was necessary, before the plaintiffs could succeed, that they should show what it cost the defendant to complete the contract. They, having broken their contract by their delay, had no cause of action except that conferred by the contract, and they could only make out a cause of action by showing what it had cost the defendant to complete the contract; and, unless they were able to establish that there had been negligence in the manner in which the defendant had proceeded to complete the contract, that which it cost him was the amount which he was entitled to deduct from the money due on the contract, no matter how many theorists might say that it could have been done for much less; whereas this whole case seems to have been tried upon the theory that the plaintiffs were entitled to recover what experts might say was the value of the work left undone, no matter what it cost actually to complete it. It is true that throughout the progress of this case it was claimed in various ways that other and additional work was done than that called for by the specifications. We are unable to state from the referee's report, or from anything that he has said in respect of his method of coming to a conclusion, as to what he has allowed in this respect and what he has disallowed. It is evident that he has not taken the evidence of any of the parties entirely in reference to this matter. He has discredited the witnesses in some particulars, and believed them in others; but in what respects he has discredited them, and in what respects he has believed them, it is impossible for us to determine. Great stress is laid by the respondents' counsel upon the testimony of the architect. But it seems to us that an examination of his testimony shows that he is entirely unreliable, and that no judgment can be based upon anything said by him, because his testimony is absolutely incredible. It cannot be that, in the completion of a building, broken castings can be considered as good workmanship as those which are cast originally in the form desired, and yet that is the opinion of this learned architect. Upon the whole case, therefore, we are of the opinion that the referee took an erroneous view of the position of the parties,

which pervaded his consideration of the testimony throughout. The judgment must necessarily be reversed, and a new trial ordered before another referee, with costs to appellant to abide the event. All concur.