JAMES WHITCOMB ET AL. V. JOHN D. ATKINS.

FILED MAY 15, 1894.    No. 5344.

1. Garnishment. Proceedings in garnishment are authorized by
   section 244 of the Code only after judgment upon which an ex-
   ecution has been issued and returned unsatisfied.

2. ———: PAYMENT BY GARNISHEE. Where the garnishee sum-
   mons is issued and returned, under the provisions of said sec-
   tion, before judgment against the principal defendant, such pro-
   ceeding is void, and the payment of money by the garnishee in
   obedience to an order therein by a justice of the peace is no de-
   fense in a subsequent action by the defendant or his assignee.

ERROR from the district court of Thurston county.
Tried below before NORRIS, J.

*Barnes & Tyler* and *Abbott & Curry*, for plaintiffs in
error.

*Guy T. Graves* and *Jay & Beck*, contra.

POST, J.

This was an action in the district court of Thurston
county by the plaintiffs in error against the defendant in
error on an agreement in writing, of which the following
is a copy:

"BANCROFT, NEBRASKA, Jan. 7, 1890.

"Bought of Eugene Waldvogle 1,889 bushels of corn
at 15 cents per bushel, ($283.35) two hundred and eighty-
three and $\frac{35}{100}$ dollars.   Paid on same ($68.25) sixty-eight

and $\frac{25}{100}$ dollars. Balance due, $215.10, less $100 to be held for J. B. Moncravie until his rent is settled.

"J. D. ATKINS."

And which was indorsed as follows:

"PENDER, NEB., Feb. 8, 1890.

"For value received, I hereby sell, assign, and set over all my right, title, and interest in the within due bill to Abbott & Curry.            EUGENE WALDVOGLE."

"Pay to Bank of Pender.       ABBOTT & CURRY."

The answer of the defendant admitted the execution of the agreement set out and alleged as a defense, the payment of the amount due thereon into court in obedience to the orders of the county judge in certain proceedings in which he had been summoned as garnishee of said Waldvogle. The reply was a general denial.

The first and only assignment of error necessary to discuss is that relating to the validity of the proceedings in garnishment. It is shown by the bill of exceptions that on the 6th day of February, 1890, one McHaffie filed with the county judge a bill of particulars against Eugene Waldvogle and Hiram Forbes claiming $35.75 and interest for goods sold and delivered, and procured a summons to be issued, returnable February 13. He also at the same time filed a paper entitled an "affidavit for garnishment," as follows:

"In the County Court of Thurston County, Nebraska.

"W. McHAFFIE, PLAINTIFF,
                v.
HIRAM FORBES AND EUGENE
  WALDVOGLE, DEFENDANTS.

"STATE OF NEBRASKA,  } ss.
  THURSTON COUNTY.

"W. McHaffie, being first duly sworn, says he is the plaintiff in the above entitled action; that the plaintiff recovered a judgment therein against the said defendants on the 5th day of February, A. D. 1890; that there is now

due on said judgment the sum of $35.75; that an execution issued on said judgment has been returned unsatisfied for want of sufficient property belonging to the said defendant whereof to levy and collect the same.   And affiant further says that he has good reason to, and does, believe that J. D. Atkins, in said county, has property of and is indebted to the said judgment debtor.              W. McHAFFIE.

"Subscribed in my presence and sworn to before me this 6th day of February, A. D. 1890.      J. G. Downs,
                                        "*County Judge.*"

Upon the filing of the foregoing affidavit a summons was issued for the defendant in error as garnishee, by which he was notified to appear on the 13th day of February and answer touching his indebtedness to the defendant therein.   On the return day of the summons judgment was entered against the defendants by default.   On the same day the defendant in error, having answered that he was indebted to Waldvogle in the sum of $100, was ordered to pay into court the amount of said judgment, to-wit, $47.22.

In this connection it should be stated that similar proceedings were had in a suit by one Bringe against Waldvogle and Forbes, in which the defendant in error was summoned as garnishee, but for the reason that the records are in all material respects identical, we have seen fit to confine our examination to the case first mentioned.

The question presented is whether the order relied upon by the defendant is irregular merely and a sufficient justification of the payment when assailed in a collateral proceeding, or whether it is void for want of jurisdiction.   It is not contended that the proceeding is in any sense a compliance with the provisions for garnishment before judgment in aid of attachment ; but it is said in the brief of counsel for the defendant in error that " the affidavit for garnishment was in proper form and contains all of the averments required by section 244 of the Code."   By the section

named it is provided as follows: "In all cases where an execution issued upon any judgment of a court of record, or of a justice of the peace, shall be returned by the officer in whose hands the same was placed for service, unsatisfied for want of sufficient property whereof to levy and collect the same, and the judgment creditor in such execution, his agent, or attorney, shall file an affidavit in the office of the clerk of the court, or justice of the peace, from which said execution issued, that he has good reason to and does believe that any person or corporation (naming them) have property of and are indebted to the judgment debtor, the said clerk or justice of the peace shall issue a summons as in other cases, requiring such person or corporation to appear in court and answer such interrogatories as shall be propounded to him, it, or them, touching the goods, chattels, rights, and credits of the said judgment debtor in his, its, or their possession or control." In *Clough v. Buck*, 6 Neb., 343, it was held that garnishment was authorized by this section only after judgment and an execution thereon returned unsatisfied for want of property. If the question was to be determined from the affidavit alone, we should feel constrained to hold that the necessary steps had been taken to authorize the garnishment proceeding, but, unfortunately for that contention, every averment of the affidavit is contradicted by the record in the case. McHaffie could not have recovered a judgment against Waldvogle on the 5th day of February, as his bill of particulars was not filed until the next day. It is not true that an execution had been returned unsatisfied, since, according to the transcript, the only execution ever issued was on the 13th day of February, the return day of the summons. In determining the existence of facts essential to confer jurisdiction the court will take notice of what is disclosed by its own record; and the fact that an affidavit had in this case been filed so palpably at variance with the admitted facts as to cast suspicion upon the motions of the

maker, cannot make this an exception to that rule. Our conclusion is that the garnishment proceeding was without jurisdiction and void, and not merely irregular, as it appears to have been regarded by the district court. It follows that payment in obedience to the order of the county judge cannot be alleged as a defense to the action on the contract. The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.