[Sac. No. 188.   Department One.—August 24, 1897.]

</div>

SAMUEL MARCHANT, Plaintiff, v. JOHN HAYES, Respondent.   RICHARD CHUTE, Appellant.

Mechanics' Liens—Failure to Record Building Contract—Right of Contractor — Abandonment of Contract — Findings — Improper Judgment.—Where a contract to erect a building for a price greater than one thousand dollars was not filed for record, the omission so to file it, deprives the contractor of any lien for his labor and material; and where he was only employed under the contract, and furnished all labor and materials thereunder, he has no right of recovery against the owner, irrespective of his right to a lien, unless he has completed the contract, or its completion has been in some way waived or excused; and where the findings show that he willfully abandoned the contract, and left the building unfinished and incomplete in many respects, and there is no finding that the building was ever completed, or that the owner derived any benefit from the labor or materials furnished by the contractor, it is error to render a judgment in his favor against the owner of the building.

Id.—Omission to Find Payment—Absence of Evidence.—The omission of the court to find whether the owner had made payment to the con-

tractor, as alleged in the answer, cannot be considered as error, where it does not appear from the record that evidence was offered in support of the averment.

ID.—SETOFF OF LIENS—ERROR NOT SHOWN.—Where the record upon appeal does not disclose the basis of judgments in favor of lien claimants, or in what respect they were connected with the contract to erect the building, and it does not appear that any request was made to the court below to set them off against the demand of the contractor, or what evidence was given or finding made in reference thereto, it cannot be presumed upon appeal that the court erred in its judgment in not making such setoff.

APPEAL from a judgment of the Superior Court of Tuolumne County.   G. W. NICOL, Judge.

The facts are stated in the opinion of the court.

*Frank W. Street*, for Appellant.

*J. B. Curtis*, for Respondent.

HARRISON, J.—In this action, brought by the plaintiff Marchant for the foreclosure of a mechanic's lien upon a certain building in Tuolumne county, a cross-complaint was filed by the defendant Hayes against his codefendant Chute, in which he claimed a lien upon the same property for labor done and materials furnished by him in the construction of the building. The court found that on June 18, 1894, Hayes entered into a contract in writing with Chute for the construction of the building for the sum of two thousand one hundred dollars, and agreed to complete the same according to certain plans and specifications, and have it ready for occupancy on or before August 1st; that Hayes thereupon commenced the construction of the building, and that work was performed thereon under his direction until October 28th, when he abandoned work thereon; that some of the men employed by him continued to work thereon until November 5th, when they, too, ceased to work, and at that time, and also at the commencement of this action, the building was unfinished and incomplete in various material and substantial particulars.   The court also found that during this time

Hayes performed labor as superintendent upon the building for four months which was reasonably worth four hundred dollars, and also that he furnished certain materials of the value of one hundred and twenty-five dollars and fifty cents, which were used in the construction of the building under the terms of the contract; but that he was never employed by Chute to construct said building, either as superintendent or otherwise, except by virtue of the aforesaid contract, and that all the labor performed by him and all the materials which were furnished by him in the construction of the building were performed and furnished under and by virtue of his contract. The contract between Hayes and Chute was not filed for record with the county recorder, but after he abandoned work he filed a claim of mechanic's lien which he sought to enforce in this action. A personal judgment was rendered in his favor against Chute for the sum of five hundred and twenty-five dollars and fifty cents, but the court did not adjudge the same to be a lien upon the property. From this judgment Chute has appealed upon the judgment-roll alone without a bill of exceptions.

The omission to file the contract in the office of the county recorder deprived the contractor of any lien for his labor and materials (Code Civ. Proc., sec. 1183); but he did not by such omission acquire any greater right to a recovery for his labor and materials than he would have had if he had brought an action therefor, irrespective of his right to a lien. Under the finding of the court that Hayes was never employed to construct the building, except by virtue of the contract of June 18th, and that all the labor performed and all the materials furnished by him were performed and furnished under and by virtue of this special contract, he had no right of recovery, unless he should show that he had completed the contract on his part, or that its completion had been in some way waived or excused. (Civ. Code, sec. 1439; *Smith* v. *Brady,* 17 N. Y. 173; 72 Am. Dec. 442; *Bonesteel* v. *Mayor etc.,* 22 N. Y. 162; *Van Clief* v.

*Van Vechten,* 130 N. Y. 571; *Barron* v. *Frink,* 30 Cal. 486; *Ernst* v. *Cummings,* 55 Cal. 179.    See, also, *Perry* v. *Quackenbush,* 105 Cal. 299.)

It has been sometimes held that where a contractor under a *bona fide* attempt to perform his contract has unintentionally omitted some trifling particular, he may recover upon the contract, making a reduction for the damage sustained by the omission; and it has also been held that, although the contractor has failed to complete his contract, if the owner has derived a benefit from the work done, and has accepted and enjoyed the same, the contractor may recover for the benefit thus received by the owner; but the findings in the present case that Hayes willfully abandoned his contract, and left the building unfinished and incomplete in many material respects, indicates a willful breach by him of his agreement, and is inconsistent with a *bona fide* attempt to perform his contract.    There is no finding that the building was ever completed, or that Chute derived any benefit from the labor or materials furnished by Hayes.    The court therefore erred in giving judgment in his favor.

The failure of the court to find that Chute had made any payment to Hayes, as alleged in the answer, cannot be considered as error, since it does not appear that any evidence was offered in support of this averment. (*Winslow* v. *Gohranson,* 88 Cal. 450.)

It is further contended by the appellant that he is entitled to have set off against the demand of Hayes certain judgments which were entered herein against Hayes in favor of other lien claimants, and declared to be liens upon the property of the appellant.    The record does not, however, disclose the basis of these judgments, or in what respect they were connected with the contract between Hayes and Chute.    Moreover, it does not appear that any request of this nature was made to the court below, and, in the absence of the evidence and findings in reference thereto, we cannot assume that the court erred in its judgment.    In *Covell* v. *Washburn,* 91 Cal. 560, cited by appellant, it appeared that the

claims which were allowed to be set off against the demand of the plaintiff were for a portion of his demand, and had been paid by the defendant. The only controversy between them was whether the defendant was entitled to have set off also the expenses of the suits upon these claims. In the present case the claim of Hayes is limited to the materials and labor furnished by himself.

The notice of appeal in the record includes also an appeal from the judgments in behalf of some of the other lien claimants, but, as no argument has been presented in support of this appeal, the judgment in their favor is affirmed. The judgment in favor of Hayes is reversed.

VAN FLEET, J., and BEATTY, C. J., concurred.