SIMMONS HARDWARE CO. *v.* ROSE.

1. SAVING QUESTIONS FOR REVIEW — FINDINGS — EXCEPTION — AMENDMENT.

> Where no exception is taken to the findings, and no additional or amended findings are proposed with a purpose of presenting additional questions, the only question open for review on error is whether the facts found justify the judgment.

2. GARNISHMENT — LIABILITY OF GARNISHEE — EXECUTORY CONTRACT—AMOUNT NOT DUE.

> Where a contract for the installation of heating and plumbing work provided for payment of a part of the price when the work had reached a certain stage, remainder when the work was completed, there was, after the first payment, and before completion of the work, nothing due the contractor which could be reached by garnishment.

Error to Schoolcraft; Steere, J. Submitted April 5, 1905. (Docket No 17.) Decided May 12, 1905.

Garnishment proceedings by the Simmons Hardware Company against Harry Rose as garnishee defendant of Byron B. Baker. There was judgment for defendant, and plaintiff brings error. Affirmed.

*James C. Wood*, for appellant.

*C. D. Dunton*, for appellee.

MONTGOMERY, J. Plaintiff sought to charge the defendant Rose as garnishee of the principal defendant. The case was tried before the court without a jury. The evidence disclosed that defendant Baker had undertaken by two separate contracts to put in the heating and plumbing in a new block being erected by defendant Rose. Under the heating contract Baker was to furnish all work and material at an agreed price of $2,248.61, and under the plumbing contract he was to furnish the work and material for $489.60 Each contract provided for payments when the work had reached a certain stage, but postponed the remaining portion of the contract price until the work was completed. Before the service of the writ in this case, defendant Rose had paid $1,-000 to apply on the two contracts. It is conceded that all payments due had been made, but it is claimed that at the time the writ was served more had been earned upon each contract, although not presently payable, and that this was subject to garnishment.

The circuit judge, at defendant's request, found the facts and law as follows:

"The question of fact presented by the record in this cause is this: Was the defendant Baker at the time this suit was commenced, entitled under the two written contracts to a sum in excess of $1,000, which amount is conceded to have been paid him? Upon this proposition the testimony is conclusive. The testimony shows that under the heating contract the boiler was on the premises, set in

place, and bricked in, but the radiators were not in place, and the job was not finished. Under the plumbing contract the tank was not in the building, and had not been set in place, and the same had not as yet been received from the factory. The written contracts governed as to the amount due and the time of payment, and under these contracts only the sum of $1,000 had become due at the time Baker abandoned the contracts.

" It conclusively appears from the evidence that at the time this suit was commenced Mr. Rose had paid to Mr. Baker all sums due to Baker under the contracts, and there were in his hands no funds belonging to the said Baker.

"The contracts were executory, and had not been completed at the time the writ issued. All payments due under the contracts had been made. If more had been earned under the contracts, it was not then due. The provision of the garnishment statute as to 'any contingent right of claim' does not apply to executory contracts. Conditions existing at the time of service of writ govern. It is the opinion that this case is governed by *Webber* v. *Bolte*, 51 Mich. 113, and also *Kiely* v. *Bertrand*, 67 Mich. 332."

No exceptions were taken to these findings. The only question open is whether, under the facts found, judgment should have been entered for plaintiff. *Haines* v. *Saviers*, 93 Mich. 440.

Without restating the findings of the circuit judge, we think he correctly interpreted the cases relied upon by him. It is suggested in a supplemental brief that we could enlarge the scope of this appeal by permitting an amendment to the bill of exceptions. The difficulty was not in settling the bill. The fact appears to be that no exceptions were taken to the findings, nor were any other findings proposed by the defendant with a purpose of presenting additional questions.

The judgment is affirmed.

CARPENTER, McALVAY, GRANT, and HOOKER, JJ., concurred.