[Civ. No. 1295.   First Appellate District.—December 30, 1913.]

## AIGELTINGER COMPANY (a Corporation), Respondent, v. HEALY-TIBBITTS CONSTRUCTION COMPANY (a Corporation), Appellant.

GARNISHMENT—ACTION AGAINST GARNISHEE—EVIDENCE SHOWING NO INDEBTEDNESS AT TIME OF GARNISHMENT.—In this action by a judgment creditor against a garnishee, on the ground that at the time the garnishment was levied there was sufficient money in the hands of the defendant due the judgment debtor to meet the judgment creditor's claim, the evidence shows there was nothing then due from the garnishee.

ID.—TEST OF RIGHT OF GARNISHMENT—EXISTENCE OF RIGHT OF ACTION. The true test of the right to maintain garnishment proceedings is the right of the defendant to sue the garnishee at the date of the attachment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Edwin T. Cooper, and Hobart K. Eells, for Appellant.

Wal. J. Tuska, for Respondent.

KERRIGAN, J.—Plaintiff recovered judgment for $936.25, interest and costs.   Defendant appeals.

The facts in this case are as follows: The defendant, Healy-Tibbitts Construction Company, a corporation, entered into a contract with the board of public works of the city and county of San Francisco, whereby it agreed to construct the Twin Peaks reservoir.   Thereafter the defendant entered into a written contract with the Atlas Construction Company for the performance of the excavation work upon said Twin Peaks reservoir.   In said contract it was provided that payments should be made upon the fifteenth day of each month, covering the value of seventy-five per cent of work performed during the preceding month; the remaining twenty-five per cent to be paid thirty-five days after the final completion

and acceptance of all work included in said contract. Said contract was assigned to Atlas Building and Construction Company, and it commenced the work of excavation some time in March, 1910, and in June following it ceased to do any further work and abandoned said contract. During the months of March, April, and May, 1910, the Atlas Building and Construction Company performed work under the contract. It reported each month to the defendant the amount of work performed, and it was paid seventy-five per cent thereof on the fifteenth day of the succeeding month. In other words, it was paid everything due it according to contract for all work performed prior to June 1, 1910.

On the twenty-first day of June, 1910, plaintiff commenced an action against the said Atlas Building and Construction Company for the sum of $923.45. In said action a writ of attachment was issued, and on the twenty-first day of June, 1910, at 5 o'clock P. M., was regularly served on Healy-Tibbitts Construction Company. After judgment, execution, supplementary proceedings, and demand, plaintiff commenced its present action against defendant, alleging that at the time said attachment was served there was sufficient money in defendant's hands due the Atlas Building and Construction Company to meet the same. On the twenty-third day of June, the defendant accepted from the Atlas Building and Construction Company a surrender and cancellation of the contract.

Defendant claims: 1. That the garnishment was served upon it at a time when there was no money due from it to the Atlas Building and Construction Company; 2. That all money due said company for work performed during the month of June was paid in the discharge of claims for labor performed upon said excavation work which claims were preferred over any claim the company may have had; and, 3. That upon the abandonment of the contract the defendant was compelled to complete the work which had been undertaken by the Atlas Building and Construction Company, and that in doing so it incurred a loss of a sum of money far in excess of any amount which may have been due from it to the Atlas Building and Construction Company.

The court refused to allow the defendant to introduce any evidence in support of its second and third defenses, but we

deem any discussion of the court's action as to those matters unnecessary in view of the conclusion we have reached as to the first point urged by defendant.

We agree with defendant that the evidence shows that there was nothing due from it to the Atlas Building and Construction Company at the time the garnishment was levied, and that the right to sue at the date of the attachment is the true test. (Code Civ. Proc., secs. 541, 544; 20 Cyc., p. 983; 14 Am. & Eng. Ency. of Law, 2d ed., p. 833; *Early* v. *Redwood City,* 57 Cal. 193; *Gregory* v. *Higgins,* 10 Cal. 339; *Cunningham Lumber Co.* v. *New York etc. Co.,* 77 Conn. 628, [60 Atl. 107] ; *Simmons Hardware Co.* v. *Rose,* 140 Mich. 123, [103 N. W. 529] ; *Mundt* v. *Shabow,* 120 Wis. 303, [97 N. W. 897] ; *Edwards* v. *Roepke,* 74 Wis. 571, [43 N. W. 554] ; *Excelsior Brick & S. Co.* v. *Haines,* 5 Penn. Co. Court. Rep. 631.)

The contract had been abandoned by the Atlas Building and Construction Company on or just before the 20th of June; the garnishment was levied the next day. At this time the Building Company had not performed the work for June required by the contract, nor had its failure to do so at that time been waived or excused, and therefore there was nothing due to it. (*Marchant* v. *Hayes,* 117 Cal. 669, [49 Pac. 840] ; *Zimmerman* v. *Jourgenson,* 60 Hun, 578, [14 N. Y. Supp. 548].) Two days later the defendant accepted a surrender and cancellation of the contract; and at that time the defendant was doubtless bound to pay at once the reasonable value of the work performed during the month of June and up to the time of the abandonment (*Marchant* v. *Hayes,* 117 Cal. 669, [49 Pac. 840]) ; but as this was after the filing of the garnishment it lends no support to that proceeding.

It is conceded—as of course it should be in view of the well settled state of the law on the subject—that the twenty-five per cent retained percentages was not subject to garnishment. (*Williams* v. *Androscoggin etc. R. R.,* 36 Me. 201, [8 Am. Dec. 742] ; *Medley* v. *American Radiator Co.,* 27 Tex. Civ. 384, [66 S. W. 87] ; *Webber* v. *Bolte,* 51 Mich. 113, [16 N. W. 257] ; *Kelley* v. *Bloomingdale,* 139 N. Y. 343, [34 N.

E. 919] ; *Blythe* v. *Poultney,* 31 Cal. 234; *American Forcite Powder Mfg. Co.* v. *Malone,* 166 Pa. St. 289, [31 Atl. 90].)

The judgment is reversed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 27, 1912, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing in this court is denied. The case being one within the appellate jurisdiction of the court of appeal, we do not look beyond the facts stated in the opinion of that court. (*Burke* v. *Maze,* 10 Cal. App. 206, 211, [101 Pac. 438, 440].)  On those facts, it appears that there was, at the date of the garnishment, no debt, matured or unmatured, due the plaintiff. This being so, there was clearly nothing subject to attachment. We do not express any opinion on the correctness of the broader declaration of the district court of appeal that there must be, at the date of the garnishment, a present right of action; in other words, that a debt which is due, but not yet payable, may not be attached.