BOARD OF PUBLIC WORKS OF THE CITY OF NILES *v.*
PINCH.

1. SAVING QUESTIONS FOR REVIEW—EXCEPTIONS—NECESSITY.
    Where, in a case tried to the court without a jury, no excep-
    tions were taken to the admission or rejection of testimony,
    to the rulings of the court, or to the findings, no assignments
    of error calling such matters in question can be considered;
    the only assignment available to appellant in such a case
    being that the finding of facts does not support the judg-
    ment.

2. MUNICIPAL CORPORATIONS—BOARD OF PUBLIC WORKS—AUTHOR-
    ITY TO SUE.
    Under section 3275, 1 Comp. Laws, the board of public works
    of a city of the fourth class may maintain an action of
    assumpsit upon a written guaranty of a debt for light and
    water furnished, and is not limited to an action upon the
    common counts, the words of the statute being permissive
    only, and not mandatory.

Case made from Berrien; Coolidge, J. Submitted
April 8, 1908.   (Docket No. 3.)   Decided May 1, 1908.

Assumpsit by the board of public works of the city of
Niles against Benjamin W. Pinch on a contract of guar-
anty.   There was judgment for plaintiff, and defendant
appeals.   Affirmed.

*J. M. & J. L. Powers*, for appellant.

*J. J. Van Riper*, for appellee.

BLAIR, J.   The nature of this case and the issues
involved sufficiently appear from the following statement
and findings of facts of the circuit judge, viz.:

"This is an action in assumpsit in which plaintiff
declares upon a written guaranty of debt and upon the
common counts in assumpsit.

"The defendant interposed a plea in abatement, setting

forth that plaintiff was not a party competent to maintain the cause of action declared upon. Plaintiff filed a replication to said plea. The cause was commenced in justice's court, and trial was first had upon the plea and replication.

"The justice before whom it was tried found against the defendant and allowed the defendant to plead over. Defendant then pleaded the general issue and gave notice according to the return of the justice of special matter. What this special matter was does not appear from the return or the files of the case. On a trial of the case before a jury, verdict was rendered against the defendant and in favor of the plaintiff. Defendant made appeal both general and special, alleging specially the error of the justice in overruling the plea in abatement.

"The case was tried in the circuit court before the court without a jury, upon the issues presented both by the plea in abatement and the plea of general issue, and proofs were presented by each party.

"Findings of Fact.

"1. The plaintiff in this case is the board of public works of the city of Niles, duly appointed under the general laws of this State, relating to cities of the fourth class.

"2. I find that Edward Williams on June 3d, 1904, had become indebted to the plaintiff acting as trustee for the city of Niles, for lights and water furnished by plaintiff to said Williams in the sum of $257.83.

"3. I find that on June 3d, 1904, the plaintiff threatened to shut off the lights and water from the building then occupied and controlled by said Williams, unless he paid the amount which he was then owing the plaintiff for light and water, or furnish security for the payment of the same.

"4. I find that on June 3d, 1904, the plaintiff, defendant and Williams entered into written agreements, copies of which are hereunto annexed. The agreement executed by defendant was a guaranty to pay the said indebtedness of Williams. In consideration thereof, the plaintiff agreed to extend the time of payment thereof and not to shut off the lights and water from Williams' building. Williams was to pay the debt at the rate of $15 each month till the whole sum was paid. The plaintiff carried out this agreement.

"Williams at the same time entered into a written

agreement to pay the said sum of $15 per month till his whole indebtedness was paid.

"5. I find that on the 1st of December, 1903, said Williams leased a certain building of defendant for hotel purposes for the term of two years and went into the occupancy thereof and continued in such occupation till on or after June 3d, 1904; that said Williams ordered the lights and water for use in said building of plaintiff and became responsible to plaintiff for payment thereof.

"6. I find that prior to the execution of the said guaranty made by defendant, the defendant being the owner of the building and interested in the keeping open of the hotel carried on by Williams, had an interview with J. J. Van Riper, city attorney, and Edwin C. Griffin, one of said board, and that they told him that the water and lights in said building would be shut off unless the indebtedness of said Williams was paid or unless he, the defendant, would agree to become responsible for the same, that defendant acceded to this proposition, with a condition that certain extension of time should be given for the payment, as stated in the writing of guaranty. These conditions plaintiff agreed to perform.

"7. I find that plaintiff did not thereafter shut off the lights and water from said building but continued to furnish it, and give credit for the payment of said Williams' indebtedness, and forebore to sue in accordance with the terms of said guaranty.

"8. I find that there is now due and unpaid for lights and water furnished by plaintiff to said Williams, prior to June 3d, 1904, and on account of the indebtedness described in said writing of guaranty, the sum of $181.10, for the payment of which defendant became and is liable.

"9. I find that the defendant is indebted to plaintiff in the sum of $181.10 and that the plaintiff is entitled to judgment for that amount with costs of suit.   *   *   *

"In answer to a request of defendant for further findings of fact, I find as follows:

"1st. I find that the contract sued upon in this case was made between the plaintiff and defendant, and that under the laws of the State no proof was necessary to show that said board had been legally elected or organized. This is presumed.

"2d. No evidence was produced to show that the said board had adopted any by-law, rule or regulation relating to the conduct of its business."

The conclusions of law from the facts found resulted in a judgment for plaintiff, which defendant has removed to this court by writ of error. No exceptions were taken to the admission or rejection of testimony, to the rulings of the court nor to any of the original or further findings, and we cannot consider any of the specific assignments of error calling them in question. Upon this record the only assignment of error upon which defendant can rely is that, "the finding of facts made by said court does not support said judgment." *Simmons Hardware Co.* v. *Rose,* 140 Mich. 123.

The facts found clearly support the judgment, unless the defendant's point is well taken—

"That the plaintiff is not a party competent to maintain the action, the city of Niles being the only party entitled to recover upon the grounds stated in the declaration."

Upon this point, we concur in the opinion of the circuit judge, as follows:

"The statute in my opinion clearly gives the board of public works in a city of the fourth class power to bring suit against those delinquent in the payment of light and water. The board may make contracts in their own name relating to those matters. Section 3275, 1 Comp. Laws.

"It is true that they act as agents or trustees of the city, but the statute, among the powers conferred upon the trustee, expressly designates that of maintaining suit upon contracts made within their jurisdiction.

"It is contended that the statute does not refer to contracts of guaranty but only to actions of assumpsit for materials furnished. I regard this objection as highly technical and over-refined. The evident object of the law is to enable the board to collect and enforce the payment of contracts for the use of water and light.

"In this case the main object of the board is to collect a water and light account of one Williams. The defendant has made himself a party to the contract and responsible for the payment. The fact that Williams once was the only debtor became immaterial, when the agreement of June 3d, 1904, was made. The defendant became obligated to pay the debt and the plaintiff was not obliged

to look to Williams at all. The defendant assumed the obligations of the principal debtor. My construction of the statute is that, under these circumstances, the action may be maintained in any form of assumpsit which may be appropriate, and that the words, 'on the common counts,' are not intended as exclusive of any other count in assumpsit. The words are permissive only and not mandatory."

The judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.