RICHARD H. HOPSON ET AL. v. MICHAEL DINAN.

*Garnishment—Liability upon unfinished job.*

A garnishee cannot be held if he is not shown to be indebted to the principal defendant at the time the proceeding was instituted ; the establishment of his liability afterwards is not enough.

A building contractor was to finish his job at a certain date but was to forfeit a certain sum to his customer for every day that it should remain unfinished afterward. A creditor of the contractor garnished the customer and the latter disclosed that the job was still unfinished; that a certain amount of the contract price remained unpaid, and that he was entitled to a certain sum every day from the contractor. It did not appear whether the job would ever be finished, or whether anything more would be due to the contractor, or whether there would be any liability outside of the express contract. *Held* that the garnishee was entitled to judgment.

Error to Wayne.    Submitted June 16.    Decided June 21.

GARNISHMENT.    The garnishee brings error.    Reversed.

*J. T. Keena* for appellant.    A garnishee cannot be charged unless the amount he owes to the principal defendant is shown : *Marks v. Reinberg* 16 La. Ann. 348 ; contingent liabilities are not garnishable : *Martz v. D. & F. M. Ins. Co.* 28 Mich. 201; *Thorp v. Elliott* 42 Mich. 511 ; *Williams v. Railroad Co.* 36 Me. 210; the proceedings are governed by the state of things existing when the summons of the garnishment is served : *Bishop v. Young* 17 Wis. 46.

*George H. Prentis* for appellees. Wages earned in an existing employment and under a continuous contract are assignable : *Kane v. Clough* 36 Mich. 439.

GRAVES, C. J. In July, 1881, one Frederick Speier entered into a written contract with the defendant Dinan that he would erect three specified frame dwellings for Dinan and would " well and sufficiently perform, finish and complete all the work, included in the excavation, drain brick work, concreting, plastering, and all work included in and implied by mason's specifications to plans ; also all carpenter and joiner work, iron and tin work, all plumbing and gas-fitting and painting and glazing, and all work indicated on and implied by plans and specifications for completion and entire finishing" of the buildings, " and in strict accordance to and with the plans, specifications, conditions, etc., furnished said contractor by W. G. Malcomson, architect." The contract provided that Speier should fully perform on or before the first day of November, 1881, and that Dinan should pay therefor $4972.

It was also agreed that the round price so stipulated to be **paid** for the entire work and materials should be "payable in manner following, viz., (when drains are in and brick work off :)

| 1881. | | | |
|---|---|---|---|
| August 18. | 1. Cellars and foundation are completed, the sum of | . | $500 |
| August 18. | 2. Frames up and sheaths, the sum of | . . | 700 |
| September 7. | 3. Roofs and cornices on, the sum of | . | 600 |
| September 7. | 4. Building enclosed, the sum of | . . . | 700 |
| October 26. | 5. Ready for lath, the sum of | . . . . | 800 |
| ·December 9. | 6. Outside finished complete, building ready to plaster, | . . . . . | 800 |
| | 7. All completed and accepted, | . , . . | 872 " |

There were other provisions which need not be quoted. According to one of them it was stipulated that Dinan should have $3 for each day the job should remain unfinished after November first.

The plaintiff brought *assumpsit* against Speier before a justice of the peace and in November, 1881, garnished Dinan as Speier's debtor, and on the 2d of December he

[Dinan] appeared before the justice and made disclosure and the written contract with Speier was made a part of it. The time for completing had passed before the garnishment. On giving in his disclosure in December he stated that the job was still unfinished, that the houses were not plastered and were not painted and that the sum behind was $1572, and that he was entitled to the $3 for every day the work continued unfinished.

In January, 1882, he was summoned to show cause why judgment should not go against him. It appeared that the job was now completed. The justice rendered judgment in his favor but the circuit court reversed it with costs of both courts.

Whether Dinan was liable to be held or not depended on whether he was shown to be Speier's debtor at the time the proceeding was instituted. He was bound then, if at all; unless he was Speier's debtor at that date it was not competent to hold him. His becoming debtor afterwards would not avail. And there was no proof that a state of indebtedness existed at the time the writ was commenced. An indebtedness might arise and might not.

Whether the job would be completed was uncertain; and unless it should be it did not appear that Speier would have a right to claim anything more. It was not certain that what would be necessary to fix Dinan with liability to pay Speier something more on the express contract would ever occur; and it was impossible to say that a state of things would arise in future to create a liability for anything outside the express contract on the theory of implied contract or liability.

The judgment of the justice was correct and that of the circuit court wrong.

The judgment of the circuit court will be reversed and that of the justice affirmed, and the defendant will recover his costs of this Court and of the circuit court.

The other Justices concurred.