**W. Biddle WALKER d.b.a. W. Biddle Walker Co., Plaintiff-Appellant,**

v.

**PARAMOUNT ENGINEERING COMPANY, a Michigan Corporation, Garnishee Defendant-Appellee,**

and

**The United States of America, Party Defendant-Appellee.**

**No. 16033.**

United States Court of Appeals Sixth Circuit.

Dec. 2, 1965.

Allan Neef, Detroit, Mich., Darden, Neef & Heitsch, Detroit, Mich., on brief, for plaintiff-appellant.

Howell Van Auken, Detroit, Mich., Lucking, Van Auken & Miller, Donald J. Miller, Detroit, Mich., on brief, for garnishee defendant-appellee.

Marco S. Sonnenschein, Department of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A.

Jackson, Joseph Kovner, Attorneys, Department of Justice, Washington, D. C., on brief; Lawrence Gubow, U. S. Atty., John Shepherd, Asst. U. S. Atty., Detroit, Mich., of counsel, for defendant-appellee.

Before WEICK, Chief Judge, MILLER*, Circuit Judge, and McALLISTER, Senior Circuit Judge.

WEICK, Chief Judge.

This case involves questions of priority of federal income tax liens over a state garnishment lien. The facts were stipulated in the District Court. A motion for summary judgment in favor of the United States was granted, from which this appeal was taken.

The claim of appellant, W. Biddle Walker, against Navratil Construction Co. was for money due and owing on an open account for building materials sold and delivered. Navratil had contracted with appellee, Paramount Engineering Co., to construct a building for Paramount. Construction was started under the contract. On March 9, 1961 Walker instituted action in the Wayne County Circuit Court, Michigan, against Navratil for the amount due on the open account, and on May 26, 1961 caused a writ of garnishment to be served on Paramount to subject the money which he asserted was owed to Navratil under the construction contract, to the payment of his claim. Paramount filed disclosures indicating that it was indebted to Navratil for the construction work, but that the amount was not definitely fixed and determined, and further that Navratil had not furnished a sworn statement required under Michigan Mechanics Lien Law stating the name and number of subcontractors and the amount due each. The record discloses that Navratil discontinued the work and never completed the contract.

Prior to the suit and garnishment, namely, on July 1, 1960, the Government assessed a $17,075.50 tax deficiency against Navratil for 1959 income taxes. Notice of the tax lien for this deficiency was filed and recorded with the Register of Deeds of Wayne County, Michigan, on December 30, 1960. On June 2, 1961 judgment was entered in the Wayne County Circuit Court in favor of Walker against Navratil for $21,982.07.

Thereafter, on June 23, 1961, the Government assessed a $1,491.34 tax deficiency against Navratil for 1960 income taxes, and filed a second lien for the 1959 tax deficiency of $17,075.50 in Oakland County, Michigan on July 7, 1961. Liens for the 1960 tax deficiency were filed in Oakland and Wayne Counties on September 11 and September 12, 1961, respectively.

Some time between October 9, 1961 and November 6, 1961 Paramount and Navratil agreed on $22,939.33 as the unpaid balance due for work performed under the construction contract. After receiving notice of the tax levy against Navratil and demand for payment, Paramount on November 6, 1961 paid $19,869.89 jointly to Navratil and the United States in satisfaction of existing income tax assessments, which money went in to the United States Treasury.

On September 13, 1962 appellant moved for judgment in the Michigan Circuit Court against Paramount as garnishee, and on October 11, 1962 the United States was interpleaded, The United States removed the case to the United States District Court, which decided that both tax liens were superior to the garnishment.

We will first take up the tax lien arising from the assessment for 1959 income taxes which appellant contends is inferior to his lien. Under section 6323 of the Internal Revenue Code of 1954 a federal tax lien is not valid as against a judgment creditor until notice of such lien is filed in the "office designated by the law of the State or Territory in which the property subject to the lien is situated * * *." 26 U.S.C. § 6323.

---

* Judge Miller did not participate in the decision.

Navratil resided in Wayne County, Michigan, and Paramount in Oakland County.

Appellant claims that the filing of the tax lien in Wayne County prior to appellant's garnishment and judgment did not give it priority since it was filed in the wrong county. Appellant's position is that the situs of the debt under Michigan law is Oakland County where Paramount resided.

■ Appellant further contends that the federal courts must look to the state law to determine the situs of a debt. As pointed out in United States v. Webster Record Corp., 208 F.Supp. 412 (S.D.N.Y.1962), federal law determines the situs of property for purposes of section 6323. This is necessarily so because questions which bear on the enforcement of federal tax liens are determined by federal law. United States v. Pioneer American Insur. Co., 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963).

■ Webster Record involved bank deposits located in a bank in New York and owned by a depositor residing in Massachusetts. The tax lien was filed in Massachusetts. The court rejected the judgment creditor's claim that under state law the situs of a debt was the location of the bank, and held that the general federal rule was that the situs of intangible property was the domicile of the owner. See e. g., Grand Prairie State Bank v. United States, 206 F.2d 217 (5th Cir. 1953); United States v. Ullman, 179 F.Supp. 373 (E.D.Pa.1959); 9 Mertens, Law of Federal Income Taxation, § 54.42 (1965 Supp.). Since a bank deposit is no more than a debtor-creditor relationship that case is factually similar to the instant case. The proper place for filing the tax lien was the county wherein Navratil resided, which was done here. The result would be the same under Michigan law. In re Rapoport's Estate, 317 Mich. 291, 26 N.W.2d 777 (1947); In re Dodge Brothers, 241 Mich. 665, 217 N.W. 777 (1928).

■ Appellant next contends that Paramount was liable to it for wrongfully paying $19,869.89 to Navratil and

the United States jointly, as Paramount had been served with a writ of garnishment and could pay out only under court direction. Although a garnishee who pays the indebtedness to the principal debtor or a third person does so at his own risk, he is liable only for payment after service of garnishment where the garnishor has acquired a right to the indebtedness by his garnishment. See generally, 38 C.J.S. Garnishment § 186a (1943), and cases cited therein.

■ In addition, although he does so at his own risk, a garnishee may discharge prior liens on the garnished property, especially where it is necessary to protect himself. See 6 Am.Jur.2d "Attachment and Garnishment" § 515 (1963), and cases cited.

■■ Here Paramount paid the debt to Navratil and the United States jointly in order for Navratil to satisfy his tax debt. Liability does not attach where the garnishee pays the debt to discharge a lien superior to the garnishment lien. United Collieries Inc. v. Martin, 248 Ky. 808, 60 S.W.2d 125 (1933). See also 89 A.L.R. 971 discussing Martin and other cases. Not only did Paramount pay to a superior lien, but appellant had no right to the money paid, as its garnishment was inferior to the Government's tax lien.

This brings us to consideration of the tax lien filed for the 1960 income taxes. Although the Government's lien was not filed until September 11, 1961 in Oakland County and September 12, 1961 in Wayne County, which was subsequent to the appellant's garnishment and judgment, the District Court found that the garnishment lien was not effective under Michigan law because nothing was due on the construction contract until completion of the building, and further, because Navratil had not furnished the sworn statement required under Michigan law.

Appellant contends that the garnishment lien was effective because the sums earned on the executed portion of the contract were subject to the garnishment even though performance of the

entire contract was not completed, and because failure to furnish the sworn statement did not affect the fact of indebtedness, but only the time of payment.

 Section 6321 of the Internal Revenue Code of 1954 provides for a general lien in favor of the Government for failure to pay income taxes. 26 U.S. C. § 6321. As before stated, although the lien arises upon assessment of the taxes, it is not good against a judgment creditor until notice of the lien has been filed in the appropriate state office. 26 U.S.C. §§ 6322, 6323. The priority of a federal tax lien over a state created lien is governed by the rule, "the first in time is the first in right." United States v. City of New Britain, 347 U.S. 81, 85–86, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954). However, before the state created lien can even begin the race to file it must be so far specific and perfected that it constitutes a choate lien. United States v. Pioneer American Insur. Co., 374 U.S. 84, 83 S.Ct. 1651 (1963).

 This is to be determined by federal law and although a state determination of a lien is subject to re-examination by the federal courts, a state determination that a lien is not choate is all but conclusive. United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950).

 The Supreme Court has laid down the test to determine the choateness of a state created lien. That test is whether the lien is so far perfected in the sense that nothing more need be done to make it enforceable when the identity of the lienor, the property subject to the lien, and the amount of the lien are all established. United States v. City of New Britain, supra. The facts in this case must be examined under this test.

 Clearly the identity of the lienor and the amount of the lien were established prior to the filing of the 1960 tax lien. The property subject to the lien was the debt owed by Paramount to Navratil. However, at the date of the

filing of the tax lien, September 11, 1961 in Oakland County and September 12, 1961 in Wayne County, the amount of the debt was not established. The construction contract was not completed. The debt was not fixed until the agreement between Paramount and Navratil established it at $22,939.33, which was some time after the tax lien was filed, between October 9, 1961 and November 6, 1961. Thus, under federal law the garnishment lien was not choate at the time the tax lien for the 1960 assessment was filed.

 Further, under Michigan law the garnishment lien would not be treated as effective at the date the tax lien was filed. The leading Michigan case is Webber v. Bolte, 51 Mich. 113, 16 N.W. 257 (1883). There the principal debtor contracted with the defendant to construct a church building under a contract that provided for payments to be made as the work progressed, and the balance to be paid after completion. Several payments were made to the principal debtor and at the time of the garnishment nothing was due on the contract. The plaintiff-creditor claimed that he was entitled to anything that might subsequently become due for the work done under the contract under the Michigan statute making the garnishee " 'liable' on any contingent right or claim." The court denied the garnishment, stating that if anything had been due at the time the writ was served the plaintiff was entitled to it.

The later case of Kiely v. Bertrand, 67 Mich. 332, 34 N.W. 674 (1887), involved a situation wherein the principal debtor undertook a logging contract which he did not complete. The court found that nothing was due the principal debtor at the time the writ of garnishment was served on the garnishee because the uncompleted contract was executory. The court denied the garnishment on the authority of Webber. Although Webber does not directly support the Government in this case because it appears that the work had not been performed there at the time of the writ, Kiely is directly

against appellant. In Kiely some work was done at the time the writ was served, but because the contract was not completed nothing was due at that time.

Finally, in Simmons Hardware Co. v. Rose, 140 Mich. 123, 103 N.W. 529 (1905), the Michigan Supreme Court again denied a writ of garnishment, supporting the lower court's decision that the case was governed by Webber and Kiely. There the principal debtor undertook to install heating and plumbing systems under a contract which provided for payments when the work reached a certain stage and a final payment upon completion. At the time of the writ all payments due had been made. The plaintiff claimed that more had been earned at the time of the writ, although not then payable. The court upheld the lower court's denial of the writ because nothing was then due.

Although Navratil may have been entitled to something for partial performance, the amount was not fixed or determined. The amount claimed for partial performance could conceivably have been reduced or even wiped out if Navratil had sued Paramount and the latter had counterclaimed for damages for breach of contract. In our opinion under Michigan law the garnishment lien was ineffective. The debt was not a contingent right or claim under the Michigan statute. Mich.Stat.Ann. § 27.1856, Comp.Laws 1948, § 628.2.

 Nor was the lien good under the same statute permitting a creditor to reach "debts due or to become due". Appellant placed reliance on this language, but the Michigan cases construing it are against him. The leading case is Erb-Kidder Co. v. Levy, 262 Mich. 62, 247 N.W. 107 (1933). There the creditor had issued a writ of garnishment to reach rent which was due for payment at a later date. The court held that the language of the statute reached a debt that was fixed at the date of service of the writ and only payment was delayed.

In the instant case the debt was not fixed as to amount at the date the writ was served. Although some amount might possibly be due in the future, the debt was not fixed until Paramount and Navratil agreed on the amount. The Michigan statute contemplates only fixed debts existing at the time of the garnishment and payable then or in the future.

In Thorp v. Preston, 42 Mich. 511, 512, 4 N.W. 227, 228 (1880), the court stated:

The statute concerning demands payable in the future refers to claims which are already fixed in amount or capable of being so fixed, and which do not depend for their validity or amount on anything to be done or earned in the future, or the continued liability which may be changed by events.

 Michigan is in accord with the majority of jurisdictions which hold that for a garnishment to be effective there must be an existing debt. And, in the case of a construction contract where the employer is not to become indebted to the contractor until performance of the contract, there is no debt owing to the contractor which may be reached by a garnishment until the contract is completed. 82 A.L.R. 1115.

 This is not a case where there is substantial performance by the contractor or where installments are *earned* and *due*, wherein garnishment will lie. 82 A.L.R. 1115. Here the debt was not due until the agreement fixed it. Since it appears that under both Federal and Michigan law this lien was not choate, it is inferior to the later filed tax lien. When future performance of a contract is necessary before money payable thereon becomes due, the payment is conditioned upon the performance and is not subject to a garnishment until the condition has been fulfilled. Hopson v. Dinan, 48 Mich. 612, 12 N.W. 875 (1882); 2 A.L.R. 506.

In view of our holding that the garnishment lien was inferior to the tax liens, it becomes unnecessary to decide the question of the effect of Navratil's failure to submit the sworn statements under the mechanics lien law of Michigan.

Affirmed.