LEMMON, Judge.
The appeal in this case involves the ranking of two claims to the proceeds of a judicial sale of incorporeal movable property.
On July 29, 1968 Gill Trailer and Equipment Rentals, Inc. instituted this suit in Jefferson Parish against S. D’Antoni, Inc. and/or S. D’Antoni Motor Freight Lines, to recover certain sums allegedly due under various lease agreements. Judgment was obtained by default, and on September 28, 1968 the district court ordered that Permit No. 1026B, belonging to S. D’Antoni, Inc., be seized and sold to satisfy the judgment. After notice of seizure was served on the judgment debtor, the property was sold at public auction on November 20, 1968 for $10,600.00. Since the mortgage certificate listed several tax liens, judgments and chattel mortgages, Gill filed a rule citing the creditors listed on the mortgage certificate to show cause why it should not be paid the proceeds of the judicial sale by preference over the other creditors.
The United States of America intervened and sought to enforce its tax liens against the subject property. The intervention alleged that notices of the liens were filed in Jefferson Parish on July 15 and 16, 1968, prior to the time that Gill’s judgment was rendered and seizure thereunder was effected.
After a hearing on the rule, the district court held that D’Antoni was indebted to the United States in the principal amount of $79,455.26 and that the indebtedness constituted a lien on the property of the debtor. The court further ordered that the proceeds of the judicial sale be turned over to the United States in partial satisfaction of this lien. Gill appealed devolutively.
The Articles of Incorporation of S. D’Antoni, Inc. recite that “The location and post-office address of its registered office is 6304 Beauregard Street, New Orleans, Louisiana.” Gill therefore contends that the government lien had to be recorded in Orleans Parish in order to be effective and that the recordation in Jefferson Parish was of no consequence.
*245 26 U.S.C. § 6321 provides for a lien in favor of the United States upon all property belonging to a person liable for unpaid taxes. 26 U.S.C. § 6323 further provides in pertinent part:
“(a) * * * The lien imposed by section 6321 shall not he valid as against any * * * judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate.
* % % ‡ ‡ “(f)(1) Place for filing. — The notice referred to in subsection (a) shall be filed—
“(A) Under State laws.—

“(ii) Personal property. — In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subj ect to the lien is situated;
sfc ‡
“(2) Situs of property subject to lien. —For purposes of paragraph (1), property shall be deemed to be situated—

“(B) Personal property. — In the case of personal property, whether tangible or intangible, at the residence of the taxpayer at the time the notice of lien is filed.
“For purposes of paragraph (2)(B), the residence of a corporation or partnership shall be deemed to be the place at which the principal executive office of the business is located, * * *” (Emphasis supplied)
La.R.S. 52:51, which is also pertinent, reads:
“Notices of liens for taxes payable to the United States and certificates discharging such liens shall be filed for record in the office of the parish recorder of mortgages of the parish in this state within which the property subject to such lien is situated.” (Emphasis supplied)
The place for filing the required notice is thus the mortgage office of the parish in which the personal property subject to the lien is situated. Under 26 U. S.C. § 6323(f)(2)(B), personal property is deemed to be situated at the residence of the taxpayer at the time the notice is filed, and the residence of a corporation is deemed to be the parish in which the principal executive office is located.
Thus, the critical determination in this case is the location of the “principal executive office” of S. D’Antoni, Inc.
In interpreting this type of statute, courts necessarily must inquire into the purpose of the statute and the objective that the statute is designed to accomplish. We are assisted in the present case by S. Rep.No.1708, 89th Cong., 2d Sess., pp. 10-11 (1966 — 2 Cum.Bull. 876, 883-884), U.S.Code Cong. & Admin.News 1966, p. 3722, which was published in connection with the 1966 amendment to 26 U.S.C. § 6323. The Senate Finance Committee specifically stated that the amendment is “designed to clarify existing law and to increase the likelihood that creditors, generally, will receive notice as to a taxpayers’ standing with the government.” The Committee adopted the residence, rather than the domicile, of the taxpayer as the place for filing, stating:
“The amendment requires notice of a tax lien to be filed where a taxpayer resides, and not at his domicile, as presently contended by the Internal Revenue Service, because of the difficulty in determining a person’s domicile, based as it is on (among other things) his state of mind. On the other hand, for purposes of determining the residence of corporations and partnerships, the amendment provides specific rules for determining their residence. Under the amendment, *246 the residence of a corporation or a partnership is deemed to be the place at which its principal executive office is located. This is the most readily identifiable of all the offices that a business may maintain, appearing, as it does, on the annual reports filed with most States and on similar returns, and avoids the uncertainty of determining which of the many business offices that a taxpayer may maintain is its principal one.” (Emphasis supplied)
Congress therefore intended to require that a lien notice against a corporation be filed at a place which can be readily identified and ascertained, even if the corporation has many business offices, in order that a person doing business with the corporation will be informed of the lien. Congress did not intend to designate as the place for filing the largest office, or the office with most executives or employees or equipment, or where most business transactions occur, or any other office which would require extensive factual investigation to identify. Congress intended to designate the singular office listed by a corporation in its returns filed with the state as a matter of public record, regardless of the name by which the office is called in the state statutes which require filing of these returns.[1]
 We conclude that when Congress used the term “principal executive office” to designate the residence of a corporation for purposes of 26 U.S.C. § 6323, they intended to refer to the statutory residence which varying state statutes assign to corporations. In Louisiana the statutory residence of a corporation is its registered office.[2]
Since no notice of lien was filed by the United States in the parish in which the corporation’s principal executive office was located, the lien is not valid against judgment lien creditors.
However, the government contends that the 1966 amendment also changed the wording of 26 U.S.C. § 6323(a) from “judgment creditor” to “judgment lien creditor.” Since Gill did not record its judgment as required by C.C. art. 3322 in order for the judicial mortgage to' take effect, the government argues that Gill is not a judgment lien creditor within the meaning of the statute.
C.C. art. 3322 is inapplicable to movable property. C.C. art.-3289. A judgment creditor does not obtain a privilege against movable property by recording the judgment but by seizing the property under the judgment. C.C.P. art. 2292. We conclude that Gill is a judgment lien creditor.
Accordingly, the judgment of the trial court is reversed, and judgment is rendered in favor of Gill Trailer and Equipment Rentals, Inc., ordering that it be paid by preference the proceeds of the judicial sale of Permit No. 1026B of S. D’Antoni, Inc. up to the full amount of its judgment. Costs of this appeal are to be paid from the proceeds of the judicial sale.
Reversed and rendered.

. This approach also seems to favor the government in future cases, since an easily ascertainable place for filing notice is necessary for a valid lien. Furthermore, no factual proof regarding business activities is necessary in order for the government to establish the validity of the lien.
We note that the 1966 amendment followed the cases of United States v. Jane B. Corporation, 167 F.Supp. 352, (D.C. 1958) and United States v. Webster Record Corporation, 208 F.Supp. 412 (D.C. 1962), which adopted the rationale of our decision in the present case.

. In Louisiana corporations are required to set fortli in the Initial Report the location and post office address of the corponation’s registered office, R.S. 12:101, and in Annual Reports the post office address of its registered office, R.S. 12:102. The registered office is considered the domicile of the corporation for all purposes. R.S. 12:104.