282 So.2d 714 (1973)
GILL TRAILER & EQUIPMENT RENTALS, INC.
v.
S. D'ANTONI, INC., and/or S. D'Antoni Motor Freight Lines.
No. 52965.
Supreme Court of Louisiana.
August 20, 1973.
Rehearing Denied September 24, 1973.
*715 Harry A. Burglass, Metairie, for plaintiff-respondent.
Gerald J. Gallinghouse, U. S. Atty., Michaelle F. Pitard, Asst. U. S. Atty., Fred B. Ugast, Acting Asst. Atty. Gen., Ernest J. Brown, Elmer J. Kelsey, William S. Estabrook, III, Washington, D. C., for intervenor-applicant.
MARCUS, Justice.
This suit involves the ranking of two claims to the proceeds of a judicial sale. The contest is between a federal tax lien filed by the United States of America and a lien of a seizing creditor, Gill Trailer & Equipment Rentals, Inc., under a writ of fieri facias.
On July 29, 1968, Gill Trailer & Equipment Rentals, Inc. filed suit in the 24th Judicial District Court for the Parish of Jefferson against S. D'Antoni, Inc. Recovery was sought based upon defendant corporation's failure to pay under certain lease agreements. Judgment was rendered by default on August 28, 1968 in the sum of $4,823.72, together with interest, attorney fees and costs. Pursuant to the issuance of a writ of fieri facias, Permit No. 1026 B belonging to S. D'Antoni, Inc. was seized on October 14, 1968 and sold at public auction on November 20, 1968. Thereafter, Gill caused a rule to issue, citing the eleven parties listed on the mortgage certificate to show cause why Gill should not be paid in preference out of the proceeds of the judicial sale of the said permit.
The United States intervened. It claims priority in payment by virtue of the filing of notice of its tax liens in the Parish of Jefferson, pursuant to the designation in 26 U.S.C. Sec. 6323(f)(2) of the "principal executive office" of the corporation as the proper location for such filing. The United States alleges that notice of federal tax liens in the amount of $79,455.26, plus statutory interest, was filed on July 15, 1968 and July 16, 1968.[1] It contends that notice of these tax liens was filed prior to the time Gill secured judgment and effected its seizure. Accordingly, it claims that it should be paid in preference to Gill out of the proceeds of the sale.
Gill objects to the payment of United States in preference to its claim on the ground that the Government filed its notice of tax liens in the wrong parish. Gill contends that the tax liens, instead of having been filed in Jefferson Parish, should have been filed in the parish where the registered office of the tax debtor, S. D'Antoni, Inc., was located, which, in this case, was Orleans Parish. This contention is based upon Gill's interpretation of the place of filing in 26 U.S.C. Sec. 6323(f)(2). Thus, for this reason, Gill claims that the notice filed by the Government in Jefferson Parish is without effect and cannot be enforced.
United States urges that, under the provisions of 26 U.S.C. Sec. 6323, notice of tax lien must be filed in the case of personal property, whether tangible or intangible, *716 at the residence of the taxpayer at the time the notice of lien is filed. Sec. 6323(f)(2) further provides that the residence of a corporation shall be deemed to be the place at which the "principal executive office" of the business is located. This, the United States contends is Jefferson Parish, as so alleged by Gill itself in its petition in these proceedings.
The District Court, after hearing on the rule to show cause, ordered the proceeds of the judicial sale turned over to the United States in partial payment of its lien.[2]
Gill appealed and the Court of Appeal reversed.[3] The Court stated:
"We conclude that when Congress used the term `principal executive office' to designate the residence of a corporation for purposes of 26 USC § 6323, they intended to refer to the statutory residence which varying state statutes assign to corporations. In Louisiana the statutory residence of a corporation is its registered office."
At the instance of the United States Government, we granted a writ of certiorari or review.
We find the Court of Appeal erred in its interpretation of the statute in question.
According to 26 U.S.C. Sec. 6323(f), notice shall be filed in the case of personal property, whether tangible or intangible, "in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated." Personal property, in this statute, is deemed to be situated at the residence of the taxpayer at the time the notice of lien is filed [(1) and (2)(B)]. The statute recites:
"For purposes of paragraph (2)(B), the residence of a corporation or partnership shall be deemed to be the place at which the principal executive office of the business is located, * * *"
The above is the wording of the statute as amended in 1966, Pub.L. 89-719, Title I, Sec. 101(a), 80 Stat. 1125.
We conclude that the phrase "at which the principal executive office of the business is located" is clear and unambiguous. Under no concept could it be interpreted to mean "registered office," as contended by Gill and as held by the Court of Appeal.
As we view the matter, it would have been simple for Congress, in the 1966 amendment, to have used the phrase "registered office" in defining the residence of a corporation if it so intended. We feel that to equate "principal executive office" with "registered office" would contradict the clear meaning of the words of the statute. When a law is clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Article 13 of the Civil Code; Article 5052 of the Code of Civil Procedure.
A further argument in favor of the Government's position is that the statute designates the residence of both a corporation and a partnership as the place at which the principal executive office of the business is located. Accordingly, Congress has applied this phrase to both a corporation and a partnership. It is obvious that an interpretation of the phrase "principal executive office" to mean registered office, as has been suggested, would make it inapplicable to a partnership. This is further evidence that such an interpretation would not only be contrary to the clear language of the statute, but would also lead to an inconsistent result.
We have reviewed S.Rep.No.1708, 89th Cong., 2d Sess., pp. 10-11 (1966-2 Cum. Bull, 876, 883-884), U.S.Code Cong. & Admin. *717 News 1966, p. 3722, which was published in connection with the 1966 amendment to 26 U.S.C. Sec. 6323 and find nothing therein indicating anything contrary to our present interpretation.
For the foregoing reasons, we hold that for purposes of 26 U.S.C. Sec. 6323(f)(2) (B), the residence of a corporation shall be deemed to be the place at which the principal executive office of the business is located in fact.
As we have heretofore stated, the United States Government filed its notice of tax liens against S. D'Antoni, Inc. in the Parish of Jefferson, the principal executive office of the tax debtor, S. D'Antoni, Inc. In argument before this Court, the question arose as to whether the record was sufficient to support the finding that the principal executive office of S. D'Antoni, Inc. was in fact located in Jefferson Parish. In this regard, we wish to point out that the general rule of venue provides that an action against a domestic corporation shall be brought in the parish where its registered office is located (Article 42(2) of the Code of Civil Procedure), which, in this case, would have been Orleans Parish. However, an exception to this general rule is provided in Article 77 of the Code of Civil Procedure which allows an action also to be brought in the parish where a business office or establishment of the corporation is located. This is exactly what Gill did in the instant case in its suit against S. D'Antoni, Inc. Furthermore, in its petition, Gill alleges that S. D'Antoni, Inc. "is a domestic corporation with its registered office in Orleans Parish but with its main business office in Jefferson Parish, at which place all of the business, contracts and other activities hereinafter described occurred." This certainly represents an admission by Gill that the principal executive office of S. D'Antoni, Inc. is located, in fact, in Jefferson Parish. Accordingly, we find it sufficient for us to so hold.
It has been called to our attention that the United States District Court, Eastern District of Louisiana, Section B, in a proceeding arising out of a dispute between the United States Government and Fruehauf Corporation relative to the ranking of claims to proceeds in another matter but involving the same tax debtor, S. D'Antoni, Inc., concluded that it was in accord with the decision of the Fourth Circuit Court of Appeal in the present case. See S. D'Antoni, Inc. v. The Great Atlantic and Pacific Tea Company, Inc., Civil Action No. 68-1916, January 23, 1973. That matter is presently on appeal to the Fifth Circuit Court of Appeal. We do not consider that we are bound by any expression of that court in a consideration of the matter herein.
Accordingly, under 26 U.S.C. Sec. 6323, the notice of the federal tax lien was properly filed in Jefferson Parish, and the United States Government is entitled to be paid in preference out of the proceeds of the judicial sale.
For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, is reversed and that of the District Court reinstated. All costs to be paid by defendant, Gill Trailer & Equipment Rentals, Inc.
NOTES
[1] Mortgage Certificate, Jefferson Parish shows: federal tax lien in the amount of $50,394.14 dated 7/11/68 reed. MOB 515-27; federal tax lien in the amount of $41,483.55 dated 7/16/68 reed. MOB 515-200; federal tax lien in the amount of $1,513.95 dated 8/19/68 reed. MOB 517-145; federal tax lien in the amount of $1,563.00 dated 9/17/68 reed. MOB 518-984.
[2] The amount due under the liens was $79,455.26, and the permit was sold at judicial auction for $10,600.00.
[3] Gill Trailer & Equipment Rentals, Inc. v. S. D'Antoni, Inc. and/or S. D'Antoni Motor Freight Lines, 267 So.2d 242 (La. App.1972).