PRICE, Judge.
Defendants have moved to dismiss plaintiff’s appeal for the reason that it was not taken within the period prescribed by law. After deferring a decision on the motion pending oral argument, we now grant the motion and dismiss the appeal.
The judgment appealed in this matter was rendered at the conclusion of trial in open court on December 5, 1980. The case was not taken under advisement and plaintiff made no request for notice of the date when the judgment was signed. Formal judgment, which had been approved as to form by both counsel, was signed on December 15,1980, although it was not actually filed until January 13, 1981.
Plaintiff filed a motion for new trial on or after January 13, 1981, approximately 29 days after the judgment had been signed. A hearing was held and a judgment denying the motion was signed on February 13, 1981.
Plaintiff’s petition for devolutive appeal was filed on either March 5 or March 10, 1981. Under the Louisiana Code of Civil Procedure, a party’s appeal period does not *687 begin to run until expiration of the new trial delay. Therefore, resolution of the motion to dismiss involves interpretation of La.C.C.P. Art. 1974, which provides:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
Plaintiff contends the word signed in Art. 1974 should be interpreted to mean signed and filed. Plaintiff urges that appeals are favored under Louisiana law and a liberal construction of Art. 1974 is necessary to preserve plaintiff’s right of appeal.
Under the plain language of this article, plaintiff’s new trial delay began to run on December 16, 1980, the day after the judgment was signed. If this is a proper construction, plaintiff’s appeal is untimely. However, if plaintiff’s interpretation of Art. 1974 is correct, the new trial delay did not begin to run until the judgment was filed on January 13, 1981, thus making this appeal timely.
Strict construction of procedural law can lead to harsh results, especially in a case such as this where the delay between signing and filing of the judgment was substantial. However, we feel that to equate the word signed with the words signed and filed would contradict the clear meaning of Art. 1974. When a law is free and clear from ambiguity, the letter of it should not be disregarded under the pretext of pursuing its spirit. La.Civil Code Art. 13, La.C.C.P. Art. 5052, Gill Trailer & Equip. Rentals, Inc. v. S. D’Antoni, Inc., 282 So.2d 714 (La.1973). Until the legislature elects to amend La.C.C.P. Art. 1974, we must give its provisions full effect and hold that plaintiff’s new trial delay commenced to run on the day after the judgment was signed.
Plaintiff could have protected itself against the unknown running of the new trial delay by simply requesting notice of the signing of judgment. La.C.C.P. Arts. 1913 and 1974. Since plaintiff did not make such a request, the delay for applying for a new trial began to run on December 16, 1980, the day after the judgment was signed. This new trial delay expired on December 24, 1980. Plaintiff did not move for a new trial until after that date, therefore, its application for new trial was untimely.
Because there was no timely motion for new trial, plaintiff’s 60-day period allowed for devolutive appeal began to run on December 25, 1980. La.C.C.P. Art. 2087(1). This devolutive appeal period expired on February 23, 1981. Plaintiff’s appeal was not filed before March 5, 1981, well beyond the established time limit.
We conclude that plaintiff’s appeal is untimely and this court has no jurisdiction to review the case.
For the reasons assigned, this appeal is dismissed at plaintiff’s costs.